**LANCASTER et al. v. SEXTON.   (No. 2673.)**

(Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1923. Rehearing Denied Feb. 8, 1923.)

**1. Appeal and error ⊜▭1099(3)—Ground for abating suit not considered by appellate court, where substantially same grounds decided adversely in former opinion.**

Where the facts asserted by a defendant as grounds for abating a suit are substantially the same as those asserted by him in a former suit to set aside an order of the county court, the appellate court will not consider the facts, where it decided them adversely against defendant in the former appeal.

**2. Master and servant ⊜▭265(13, 14)—Burden of issue of assumed risk and contributory negligence on employer.**

The employer has the burden of proving assumption of risk and contributory negligence on the part of a locomotive fireman, killed in a wreck of his train operated over a defective track at too great a rate of speed.

**3. Trial ⊜▭252(11)—Refusal to instruct on assumption of risk and contributory negligence held proper, in absence of evidence to show conduct of deceased at time of injury.**

In the absence of any testimony showing what the conduct of deceased fireman was at the time he was injured in a wreck, the law will assume that he acted as a reasonably prudent person should have acted under the circumstances, and hence, under such circumstances, it was proper to refuse defendant's requested instructions relative to assumption of risk and contributory negligence, though the instructions were proper statements of the law with respect to the matters embraced in them.

**4. Trial ⊜▭121(2)—Attorney's remarks in closing argument in action for death held not reversible error.**

Plaintiff's remarks as attorney and administrator, in the closing argument to the jury in an action for death, that deceased's widow acted wisely in getting a lawyer, "the peer of any from El Paso to New Orleans," to represent her, and the further remark that deceased fireman "had a chance to become a regular engineer" and earn more money than he was getting at the time he was killed, held, from the evidence adduced, not improper in material particulars, nor calculated to affect any of defendant's rights, and did not constitute conduct requiring reversal.

**5. Death ⊜▭99(2)—$4,000 for suffering held not excessive.**

A verdict of $4,000 for pain and suffering from injuries to a locomotive fireman by escaping steam, causing death about 24 hours after a wreck, held not excessive.

**6. Death ⊜▭99(4)—$21,000 for death of locomotive fireman held not excessive.**

Verdict of $21,000 for the death of locomotive fireman, who was in good health, 33 years old, earning $160 to $171 a month, and left a widow and two young children, held not excessive.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by R. A. Sexton, administrator, against J. L. Lancaster and another, receivers. Judgment for plaintiff, and defendants appeal. Affirmed.

February 20, 1921, appellants, as receivers operating the Texas & Pacific Railway, were common carriers by railroad, and as such were engaged in commerce between this state and other states. On the day specified W. T. Dunn, appellee's intestate, employed by appellants in such commerce as a locomotive fireman, was so injured by steam escaping from an engine in the wreck of a passenger train moving in Louisiana that he died about 24 hours thereafter. This suit, commenced by Dunn's widow, Mrs. Fannie Dunn, as temporary administratrix of his estate, and prosecuted by appellee, who succeeded her as administrator, was for damages, on the theory that the injury to Dunn was due to negligence on the part of appellants, in that they permitted the track over which the train was being operated to be in a defective condition, and to negligence of the engineer in charge of the engine pulling the train in that he operated same at too great a

---

⊜▭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rate of speed. The trial resulted in a verdict and judgment in appellee's favor for $25,000.

F. H. Prendergast and George Prendergast, both of Marshall, for appellants.

Jones, Sexton & Jones, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The contention first presented, to wit, that the trial court erred when he refused to sustain appellants' plea setting up certain facts which they thought entitled them to have the suit abated, is overruled. The facts referred to were substantially the same as those set up in appellants' petition in their suit to set aside the order of the county court of Harrison county appointing Mrs. Fannie Dunn temporary administratrix of the estate of her husband, appellee's intestate, and to set aside the order of said county court appointing appellee permanent administrator of said estate. This court affirmed the judgment of the lower court, denying appellants such relief, on the appeal therefrom prosecuted by them. 245 S. W. 958.

[2-3] Complaint is made because the trial court refused to give to the jury certain special charges requested by appellant. Had the charges been given, one of them would have instructed the jury that Dunn assumed the risk he incurred, and that appellee therefore could not recover, notwithstanding the engineer was negligent in running the train too fast, if Dunn knew he was running same too fast, and "made no protest nor effort to have the speed reduced." Another would have instructed them that Dunn was guilty of contributory negligence, if he knew the engineer was running the engine too fast, and "made no protest nor effort to have the speed reduced." And the other one of the charges would have instructed the jury, with reference to contributory negligence, that "the burden is generally on the plaintiff to make out his case," that "there is generally no presumption that the party injured was guilty of contributory negligence," but "where a party's own acts or conduct, or want of action, is part of the transaction that causes his injury there is no presumption in his favor," and that "the jury must determine as best they can whether Dunn protested against fast running."

If the risk Dunn incurred was one he had assumed, the burden of proving the fact was on appellants (Pennsylvania Ry. Co. v. Jones, 123 Fed. 753, 59 C. C. A. 87; Kenyon v. Railway Co., 187 Iowa, 277, 173 N. W. 44), as it was if he was guilty of contributory negligence (Railway Co. v. White, 238 U. S. 507, 35 Sup. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252). Dunn and the engineer, White, were the only persons shown to have been on the engine at the time it left the track and turned over, fatally injuring both of them.

No other person, so far as is shown in the record, knew anything about whether Dunn did anything he should not have done or omitted to do something he could and should have done, which was a cause of the accident. And appellants have not pointed out and we have not found in the record any testimony which would have warranted an inference that Dunn was in any way at fault. If, therefore, it should be conceded, and it is not, that the requested charges were sufficiently complete and correct statements of the law, it not only was not error to refuse them, but it would have been error to have given them to the jury; for in the absence of any testimony showing what Dunn's conduct was on the occasion, the law would assume that he acted as a reasonably prudent person should have acted under the circumstances. Wells Fargo & Co. v. Benjamin (Tex. Civ. App.) 165 S. W. 120, and authorities there cited.

[4] Complaint is made of the argument of counsel representing appellee at the trial of the case. It appears in the record that at the time her husband was injured and died Mrs. Dunn resided, and thereafter continued to reside, at a point in Lousiana nearly 300 miles from Harrison county, Tex., where this suit was commenced and prosecuted; and it further appears that she employed S. P. Jones, an attorney residing at Marshall, in said Harrison county, to commence and prosecute this suit. With reference to this appellee, as an attorney arguing the case in his own behalf as administrator, said, quoting from the bill of exceptions:

"That doubtless argument and criticism would be made of her having brought the suit in Marshall, but that Mrs. Dunn had acted wisely in choosing Mr. S. P. Jones as her attorney; that he had a great deal of practice over large sections of the country, and that he was pitted against the best of the lawyers, and that he had no superior and was the peer of any from El Paso to New Orleans."

It appears in the statement of facts that Mrs. Dunn testified as follows with reference to the amount received by Dunn for service he performed:

"It is hard to say just what he would make as fireman; sometimes would make good money and then again wouldn't make so much. He was paid twice a month. I have seen him draw low checks and then high ones. I remember one particular one when he was running he drew $140 or $145 for two weeks. Of course that one was high. It would average at least $75 or $80 every two weeks. He would bring the checks to me and I would handle them and pay the bills."

Commenting on the testimony set out, appellee in the course of his argument to the jury, it appears from another bill of exceptions, said that the witness' estimate of the

average amount earned by her husband every two weeks "was not as much as Dunn's average wages," and that the fact that she had underestimated the amount thereof showed she was honest and fair-minded. It further appears in the statement of facts that Mrs. Dunn testified that while her husband was employed as a fireman at the time of the accident, he had before that time been "promoted to engineer"; that he took the examination, passed it, "and ran some as engineer before he was killed." The first year her husband "was promoted to engineer," she said:

"He ran some; the next year the business wasn't so good, and I don't think he ran so much, and then the third year he ran quite a bit as engineer. I think that was the year he was killed, early in the season. When he was not running as engineer, he would be firing."

And the witness Hazel Collette, Mrs. Dunn's sister, testified that:

"Mr. Dunn was firing when he wasn't running as an engineer. He was an engineer and fireman."

It appears from still another bill of exceptions in the record that in closing the argument on behalf of appellee, said S. P. Jones, evidently having in mind the testimony referred to, urged the jury to take into consideration among other things, in determining the amount of their verdict, the fact that, while Dunn was employed as a fireman at the time of his death, "he had a chance to become a regular engineer," and in the future, had he lived, "probably would have earned larger sums of money than he was earning at the time he was killed."

We think it sufficiently appears from the statement made that the argument complained of was not improper in material particulars, was not calculated to wrongfully affect any right of appellants, and therefore was not conduct of the attorneys which requires a reversal of the judgment.

[5, 6] The contention remaining undisposed of is that the judgment is excessive in amount. It appears in the record that $4,000 of the sum awarded appellee was for suffering endured by Dunn after he was injured and before he died. Appellants suggest no reason why the recovery on that account should be regarded as excessive. The $21,000 found to be the damages on account of Dunn's death was apportioned in the verdict of the jury as follows: $7,000 to his widow, and $7,000 to each of his two children, one a boy 4 years old, and the other a girl 3 years old, who survived him. Dunn was strong and healthy, economical, had no bad habits, and was very much attached to his family, witnesses testified. He was 33 years old when he died, and had been earn-

ing an average of $75 or $80 every two weeks, or $160 or $171 a month. The contention is overruled.

The judgment is affirmed.