**SHUNKAMOLAH et ux. v. POTTER.**

No. 15457—Opinion Filed Feb. 3, 1925.

1. Master and Servant—Liability for Injuries to Servant—Duty of Master as to Conveyance to and from Work—Erroneous Instruction.

Where, in the trial of a personal injury case, the relationship of the plaintiff and defendants is that of servant and master as disclosed by both the plaintiff's pleading and evidence, and an issue of fact is made as to whether or not the defendants owed the plaintiff the duty to transport her from where she was engaged in their service to her or to their home, it is reversible error to instruct the jury as follows: "You are instructed that it is the duty of the employer to provide implements with which to work, and conveyances to convey their servants to and from work, which are absolutely safe," etc., for the following reasons: (1) It invades the province of the jury in having the effect of determining, as a matter of law, that the defendants owed the duty to plaintiff to transport her, instead of leaving such question for the jury's determination. (2) It has the effect of requiring a very high and extraordinary degree of care in discharging the duty to transport, if the duty exists, when the true rule is that in discharging the duty, if it exists, the defendants should be required to exercise reasonable and ordinary care in furnishing plaintiff a reasonably safe means of conveyance.

2. Trial—Instructions—Abstract Statements of Law.

Trial courts should, as far as practicable, refrain from submitting to juries abstract statements of law in their instructions; and where it is necessary to make abstract statements of law in the instructions, the trial court should be sure that such abstract statements are within the rules laid down by the courts of last resort.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Fay Potter, a minor, by Elmer Potter as next friend, against Joe Skunkamolah and Margaret Shunkamolah. Judgment for plaintiff, and defendants appeal. Reversed.

J. M. Humphreys, for plaintiffs in error.

Kenneth H. Lott, for defendant in error.

Opinion by SHACKELFORD, C. The plain-

tiffs in error were the defendants below, and the defendant in error was the plaintiff. The parties will be referred to herein as plaintiff and defendants, as they appeared in the trial court.

The plaintiff, a minor, brought her suit by her father as next friend, against the defendants for damages sustained by reason of a personal injury alleged to have been inflicted upon her because of the carelessness and negligence of the defendants in furnishing a defective car in which she was transported from a Christmas entertainment into the town of Hominy, in Osage county, the injury having occurred to plaintiff while riding in the car. The allegations of her petition are to the effect that she was employed as a household servant by the defendants to render services to them in taking care of their small children, and to do other house work, and under the agreement to render services it became the duty of the defendants to furnish a conveyance for her from her home to the home of the defendants and return. That upon the occasion when the injury occurred the defendants had employed the plaintiff to attend a Christmas Eve party at an Indian village near Hominy with them, to there care for their small children, and that it became and was the duty of the defendants to furnish her a safe conveyance for her return after the entertainment, and that the car provided by them to carry her back to town was defective and without lights, and by reason of such defect the car was driven against a tree or post near the road; and plaintiff, without fault upon her part, was thrown against and part way through the wind shield, and she was cut and bruised about the face and head, and the sight of one of her eyes practically destroyed, from all of which she sustained great physical and mental pain and suffering to her damage and detriment.

The defendants demurred to the petition, and, the demurrer being overruled, answered by general denial; and by a plea of assumption of risk; and that if the plaintiff was injured as alleged it was because of the negligence of a fellow servant, contributed to by the negligence of the plaintiff herself. After the answer was filed the plaintiff filed an amendment to the petition in which an additional defect of the car is alleged in that the steering gear was loose and defective, which was one of the causes contributing to the plaintiff's injury. It seems from the record that afterwards the cause was continued at the instance of the defendants, but upon the calling of the cause for trial the defendants asked leave of court to with-

draw the answer on file and to refile it as the answer to the petition and the amendment thereto. The cause was called for trial on the 24th of October, 1923, both parties announced ready for trial, and a jury was empaneled and sworn to try the case. The defendants thereupon, and before the issues were stated to the jury, made objection to the jurisdiction of the court on the ground that the amendment to the petition had been filed in the case without notice to the defendants. The objection was overruled and exceptions allowed, and the trial proceeded. At the close of the opening statement by plaintiff's counsel the defendants moved for judgment on the opening statement. The motion was overruled and exceptions allowed.

The trial resulted in a verdict and judgment for the plaintiff, from which the defendants prosecute appeal and the cause is here for review.

The defendants present many alleged errors of the trial court which they argue must necessarily work a reversal of the judgment. It would be useless and a needless expenditure of effort, time, and space in this opinion to set them out herein. Since upon the whole record the cause must be reversed and remanded for a new trial, some of the contentions made will be given attention so that they may not arise in another trial.

We have examined the petition and amendment thereto, and are of the opinion that the court did not err in his ruling upon the demurrer thereto. We think the petition and amendment stated a cause of action in favor of the minor plaintiff for her injury to her person. The court did not err in its ruling upon the objection to the jurisdiction of the court because the amendment to the petition had been filed without giving notice to the defendants. This was a matter almost entirely within the discretion of the trial judge. In such cases, under the circumstances presented, such objection will not lie. The filing of the amendment to the petition without notice did not raise or create any jurisdictional question. The trial court properly exercised his discretion in the matter when he continued the case at the instance of the defendants because the amendment had been filed without notice.

The fault we find with the record is in the instructions given by the court to the jury. Instruction number 10 given by the court was excepted to by the defendant and assigned here as error. In this instruction the court submitted to the jury as one element of plaintiff's damages, the doctor bill incurred by reason of her injury. This was

erroneous. The plantiff was a minor, being about 16 years old. The doctor bill seems to have been rendered to her father; at least there seems to be no proof in the record that the bill was rendered to her or that she paid any part of it. Her father was legally liable for her doctor bills, and the fact that the doctor bill was incurred does not constitute any element of her damages. Her services belonged to her parents, and they, in turn, were responsible for her bills. The fact that she had to have medical treatment was, perhaps, competent evidence tending to show the extent of her injury; but how much the bill amounted to could not be material in her case.

Number 16 of the court's instructions was excepted to by the defendants, and the giving of the instruction is assigned as error. In this instruction the court told the jury that:

"You are instructed that it is the duty of the employer to provide implements with which to work, and conveyances to convey their servants to and from work, which are absolutely safe," etc.

In using this language the court made an abstract statement of what he conceived to be the law. Such statement has no place in this record, and should not have been made. It seems to be a disputed question of fact as to whether the duty rested upon the defendants to furnish plaintiff means of conveyance to return from the Christmas meeting. It could well have appeared to the jury that the court was telling them that it was the defendants' duty to furnish her a means of transportation instead of leaving the matter to the jury to determine from the evidence whether such duty rested upon the defendants. The language "it is the duty of the employer to provide implements with which to work * * * which are absolutely safe", can have no application here because it is not contended by the plaintiff that it was a part of her employment to use any kind of implements. Her case does not rest upon the use of defective implements furnished for her in the course of her work. She is a house servant with the duty to care for the defendants' small children, and to do other house work. But this is not the worst vice in this language. The statement is entirely abstract and lays down to the jury a rule of law which is supported by no authority we have had occasion to examine. It seems to us that a trial court should, as far as may be, refrain from making abstract statements of the law to a jury. When it cannot be well avoided the court should be very sure that the abstract statement is well within the plain trails blazed by the courts of last resort. The rule announced by the trial court in the above quoted language would have the effect of making the employer the insurer of the safety of the employe at all hazards, whether when working with implements furnished, or when being transported to and from work in the employer's conveyance. The rule laid down goes further, even, than the rule laid down by the courts in cases where the relation of carrier and passenger for hire exists. Further along in the instruction the court told the jury that the employer is required to use usual and ordinary diligence in furnishing suitable and safe appliances and means of conveyance. There seems to be conflict in the two rules laid down. One seems to require a very high and extraordinary degree of care; and the other requires the exercise of reasonable and ordinary care and diligence.

We think the safer and more reasonable rule is that, if the defendants owed the plaintiff the duty to transport her, they were required to exercise reasonable and ordinary care to furnish the plaintiff a reasonably safe means of transportation. The instruction should be so framed as to submit to the jury the question of whether or not the defendants owed the plaintiff the duty to transport her; and then lay down the rule above announced as to the degree of care to be exercised by the defendants, if the jury finds that the duty is owing to her by them. The plaintiff, to maintain her case, must offer evidence tending to establish that defendants owed her the duty to furnish transportation. The defendants contend that they owed her no such duty both in their answer and in their evidence; so the necessity arises that the question of whether or not the duty was owing by the defendants should be submitted to the jury for its determination along with other questions of fact to be submitted. In one of the instructions the court told the jury that the plaintiff took the burden of establishing that defendants owed her a duty to protect her from injury. We have no fault to find with this statement, but we think the court should make it plain in the instructions that the burden is on the plaintiff to show that the defendants owed her the duty to safely transport her, and if such duty rests upon them they must use ordinary and reasonable care and diligence in the discharge of such duty.

In instruction number 13 of the court's instructions the court told the jury that the action was brought under a statute relating to the liability of employers to their employes. We think in giving such instruc-

tion the language of the statute should be followed as nearly as may be so as to make it applicable to the case in hand.

Since we find it necessary to award a new trial, we refrain from commenting upon the questions raised with reference to the evidence.

Because of the errors pointed out in the instructions given by the trial court, we recommend that the judgment be reversed and the cause remanded to the district court of Osage county with directions to set aside the judgment appealed from and grant the defendants a new trial.

By the Court: It is so ordered.