**PRODUCERS & REFINERS CORP. v. CASTILE, Adm'x.**

No. 16266—Opinion Filed April 6, 1926.

Rehearing Denied May 18, 1926.

**1. Master and Servant—Negligence—Liability for Injuries to Servant.**

Paragraphs 1 to 6, inclusive, of the syllabus in Producers & Refiners Corporation v. Castile, Adm'x, 89 Okla. 261, 214 Pac. 121, are hereby adopted and announced as the law of this case.

**2. Trial — Instructions — Sufficiency — Refusal of Requests.**

It is well settled that where the court in-

structs the jury clearly, fairly, and fully upon all phases of the case, it is not error to refuse to give any and all requested instructions.

### 3. Master and Servant—Liability for Negligent Death of Servant—Instructions.

Record examined, and held, that the instructions given by the court are substantially correct and clearly, fairly, and fully advise the jury upon all the phases of the case.

### 4. Death—Recovery of $1,320 for Pain and Suffering of Deceased not Excessive.

A verdict of $1,320 for pain and suffering from personal injuries to the deceased, while in the employ of the defendant, causing death about 34 hours after the injury, held, not excessive.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action for damages brought by Dona M. Castile, administratrix of the estate of E. L. Castile, deceased, against Producers & Refiners Corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

Guy F. Nelson and Chas. F. Carnine, for plaintiff in error.

Robinett & Ford, for defendant in error.

Opinion by FOSTER, C. On August 6, 1921, defendant in error, plaintiff below, began her action in the district court of Oklahoma county against the plaintiff in error, defendant below, for damages resulting to the next of kin, for the wrongful death of E. L. Castile, the husband of the administratrix, resulting from injuries received while the said E. L. Castile was an employee of the plaintiff in error. That cause came on for trial in the district court of Oklahoma county on the 9th day of November, 1921, resulting in a verdict in favor of the defendant in error and against the plaintiff in error for the sum of $30.000. Thereafter a motion for a new trial was overruled and said cause was appealed to this court; thereafter this court rendered an opinion affirming the judgment of the trial court, which opinion and decision is reported in 89 Okla. 261, 214 Pac. 121; thereafter, and on the 17th day of July, 1923, the defendant in error began this action in the district court of Tulsa county for damages to the estate of E. L. Castile, deceased, for conscious pain and suffering of the deceased, and for loss of time between the time of his injury and his death, and for medical and hospital bills. This action was tried before the Hon. Z. I. J. Holt, judge of the district court of Tulsa county, on the 13th day of November, 1924, resulting in a verdict by the jury in favor of the defendant in error for the sum of $1,750. Parties will be hereinafter designated as they appeared in the trial court.

By stipulation of the parties, the cause was tried substantially upon the record made in the wrongful death action tried in the district court of Oklahoma county, by counsel reading the same from a copy of the case-made in that case. Motion for a new trial was filed by the defendant, heard, and overruled, exceptions taken, and the cause comes on regularly to be heard in this court on appeal by the defendant from said verdict and judgment.

For a reversal of the judgment the defendant urges the following errors: First: The refusal of the trial court to sustain its demurrer to plaintiff's evidence. Second: The refusal of the trial court to give the peremptory instruction requested by the defendant. Third: In the giving, by the trial court of certain instructions. Fourth: The refusal of the trial court to give other requested instructions; and, Fifth: The refusal of the trial court to set the verdict aside as excessive.

It can serve no useful purpose at this time to state the issues joined in the trial court and the evidence adduced in relation thereto in detail. A full statement of these facts and issues may be obtained by referring to the opinion of this court in the wrongful death action. 89 Okla. 261, 214 Pac. 121.

As in the wrongful death action the principal acts of negligence charged against the defendant may be summarized as follows: First: That the driver of the truck was wholly inexperienced in that line of work, and that the defendant was negligent in not making reasonable investigation into his character, skill, and habits of living before employing him. Second: That it was the duty of the defendant to supply the deceased a reasonably safe means of conveyance; and that it negligently violated this duty in that the truck furnished was not a reasonably safe means of conveyance for the deceased and other employees to ride upon, because the same was not only in an old, worn, and defective condition, but it was inadequate in that it was a one-ton Ford truck with a freight body, without any springs, such as are usual and customary for passenger conveyances, and the defendant failed and neglected to maintain on the bed of said truck

seats :or the convenience of its employees, and they failed and neglected to provide and maintain on the bed of said truck bannisters, railings, or sideboards, or other means whereby persons riding thereon could hold on and could be prevented from falling from the bed of said truck, or on the bed thereof, in the event of a sudden or other unusual movement of said truck.

The evidence in relation to these two alleged acts of negligence was, by the trial court, submitted to the jury, and the jury by its verdict found the issues in favor of the plaintiff, and rendered its verdict accordingly against the defendant in the sum of $1,-750.

In the wrongful death action (89 Okla. 261), this court expressly stated in the body of the opinion:

"On this point it is sufficient to say that we have examined the record carefully and are satisfied that the evidence reasonably tends to show negligence on the part of the defendant in the two respects alleged in plaintiff's petition."

In that case this court, in connection with its consideration of the evidence adduced, laid down the applicable rules which, we think, correctly stated the law applicable to the case. These propositions of law are stated in the first six paragraphs of the syllabus. We adhere to these principles and reannounce them as the law of this case.

Counsel say, however, that the conclusions reached in that opinion are not based upon the points raised and argument submitted by the defendant in its brief filed in the instant case. But since the court in the wrongful death action had before it the same evidence on which the instant case is submitted, the court necessarily had before it everything necessary to a correct conclusion in that case, whether the identical points were emphasized by counsel in the argument or not.

Under the authority of the case cited (89 Okla. 261), we conclude that the action of the trial court in overruling defendant's demurrer to plaintiff's evidence and in refusing a peremptory instruction must be sustained.

Complaint is made that the court erred in giving to the jury instructions Nos. 7 and 11 of its general charge over the defendant's objection, and in refusing to give defendant's requested instruction No. 7. An examination of the record in the wrongful death action on appeal discloses that the trial court in that case gave instructions Nos. 7 and 11 in practically the exact language in which they

were given in the instant case. The record in that case also discloses that the trial court refused defendant's requested instruction offered in the identical language employed in instruction No. 7.

This court in commenting on the instructions complained of in the wrongful death action said in the syllabus:

"Record examined, and held, * * * that the instructions given by the court are substantially correct and clearly, fairly, and fully advise the jury upon all the phases of the case."

Commenting further in the body of the opinion, the court said:

"It is also well settled that where the court instructs the jury clearly, fairly, and fully upon all phases of the case, it is not error to refuse to give any and all requested instructions (citing authorities).

"In regard to the instructions requested by the defendant and refused by the court, we may add that many of them are based upon the erroneous assumption that the defendant was entitled to the benefit of the fellow-servant doctrine as a defense and were properly refused on this ground. And that others, while probably correct as abstract propositions of law, were either covered by the instructions given by the court or constituted nice refinements of applicable principles of law, which in no way could be helpful to the jury."

Defendant complains that the court erred in refusing to give its requested instruction No. 8. There is no merit in this contention. This instruction, in the exact form in which it was offered, was given by the court to the jury in its general instructions. There is no merit in the claim of the defendant that the trial court erred in refusing to give its requested instructions Nos. 13 and 20. These instructions were requested, as we understand it, upon the theory that unless the automobile, in which the deceased was riding at the time he met his death, was started with an unusual jerk, that the defendant would not be liable. It is insisted that since the evidence tended to show that there was no unusual jerk in starting the truck, the instructions were applicable and should have been given.

The specific acts of negligence on the part of the defendant relied upon by the plaintiff were not, as we understand it, the negligent conduct on the part of the driver of the truck in starting the same forward, but liability was predicated upon the known incompetency of the driver and the defective condition of the vehicle. If it had been sought to charge the defendant with liability

by reason of its negligence in the operation of the vehicle, by reason of which it negligently started the vehicle forward with a jerk, an instruction such as was requested by the de.endant might have been applicable. Under the issues joined in the case at bar, however, it was for the jury to say whether the manner in which the car was started forward, in connection with the other racts and circumstances in the case, though it might not have been started in a violent or unusual manner, tended to establish the incompetency of the driver, or the condition of the car, such as would render the defendant liable.

There remains for consideration the alleged error of the trial court in refusing to set the verdict of the jury aside as being excessive. It appears that the deceased, E. L. Castile, was injured about 5 o'clock in the afternoon of July 25, 1921; that the injuries were the result of the body of the deceased being thrown violently against the end of the handle of a maul or sledge, driving the handle into the rectum, injuring the deceased in the bladder, and causing hemorrhages of the rectum. Deceased was carried to a hospital in Okmulgee, an operation performed, and afterwards died about 3 o'clock in the morning of July 27th, about 34 hours after his injury. He was conscious until about 5 o'clock in the afternoon of July 26th, during which time he suffered intense pain.

Medical and hospital bills aggregated the sum of $430. The verdict of the jury was for $1.750. Deducting the amount allowed for medical and hospital fees the jury necessarily allowed the sum of $1.320 for conscious pain and suffering. We cannot say that this amount was excessive under the facts as disclosed by the record in this case.

In the case of Lancaster et al. v. Sexton. 247 S. W. 574, the Court of Civil Appeals of Texas permitted a verdict of $4.000 to stand for the pain and suffering for injuries to a locomotive fireman, caused by escaping steam. causing his death about 24 hours thereafter. See, also, Payne v. Shepler (Tex. Civ. App.) 243 S. W. 538; McAdoo v. McCoy (Tex. Civ. App.) 215 S. W. 870.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (2) 38 Cyc. p. 1711. (3) 39 C. J. p. 1219 § 1401.    (4) 17 C. J. p. 1350 § 235; anno. L. R. A. 1916C, 820.