SHUNKAMOLAH et al. v. POTTER DELCO.

No. 18169. Opinion Filed May 22, 1928.

Rehearing Denied June 26, 1928.

(Syllabus.)

1. Appeal and Error—Discretion of Lower Court—Rulings on Motions to Make More Definite and Certain.
"A motion to make more definite and certain is addressed largely to the discretion of the court; and its ruling thereon will not be reversed except for the abuse of such discretion that results prejudicially to the complaining party." City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136.

## 2. Master and Servant—Liability for Negligence in Transporting Servant to Home After Work Hours.

If a master owe to his servant the duty to transport her to her home after her work is done, such master is required to exercise reasonable and ordinary care to furnish the servant a reasonably safe means of transportation, and if the master fails in such obligation, and such failure is the proximate cause of an injury to the servant, the master is liable for damages resulting therefrom.

## 3. Trial—Sufficiency of Instructions.

Where the instructions given by the court fairly and reasonably present the issues joined by the pleadings and presented by the evidence, and follow the law applicable to the case as announced by this court on a former appeal, they are sufficient.

## 4. Negligence—Contributory Negligence and Assumption of Risk Affirmative Defenses that Must Be Pleaded.

The defense of contributory negligence, as well as that of assumption of risk, are affirmative defenses; and in order to be available upon the trial, they must be expressly pleaded by the defendant as a bar to plaintiff's right of recovery.

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Fay Potter, now Delco, against Joe Shunkamolah and Margaret Shunkamolah. Judgment for plaintiff, and defendants appeal. Affirmed.

J. M. Humphreys, for plaintiffs in error.

Wilson, Murphey & Duncan and K. H. Lott, for defendant in error.

REID, C. This case was originally brought by Elmer Potter, as next friend and for the benefit of Fay Potter, a minor, and upon judgment for plaintiff the case was appealed to this court, and reversed, as shown by the opinion in 106 Okla. 91, 233 Pac. 189.

After the reversal of the case, the plaintiff being of age, and married, the suit was prosecuted by second amended petition, in her own name of Fay Potter Delco. Upon a retrial, the plaintiff again got a judgment against the defendants, Joe and Margaret Shunkamolah, from which the defendants appeal.

The plaintiff alleged in her second amended petition that, on the 24th day of December, 1922, she was in the employment of the defendants in the capacity of household servant, under an oral contract of employment, in which her duties consisted in doing whatever was needed about the house and taking care of the children of the defendants; that on said date she was requested by the defendants, in due course of such employment, to accompany them from their home in Hominy to the Indian village near the town of Hominy, and take care of their children during the progress of a Christmas entertainment; that under the contract of employment entered into between the defendants and the parents of the plaintiff, it was agreed that the plaintiff might accompany the defendants to the Indian village for the purpose heretofore stated, with the further consideration that the defendants expressly agreed that they would furnish plaintiff with a safe means of conveyance from the entertainment to her home; that she was taken to the entertainment in an automobile belonging to defendants, and driven by Andrew Collins, and while at the entertainment she performed her contract to take care of defendants' children; that at the conclusion of the entertainment, the defendants informed the plaintiff that they did not have room in their car, and that she would have to ride in said automobile driven by Andrew Collins, an employee of the defendants, and that it was necessary that plaintiff ride in this automobile in order to reach her home, as it was unsafe for her to walk home alone in the dark, or to remain after the others had gone; that said automobile was defective and unsafe in that it had no lights; that the condition of the car, in which plaintiff was told she must go to her home with the said Andrew Collins, was known to the defendants, and in the exercise of ordinary care and intelligence, they must have known that it was unsafe to travel at that time in said defective automobile to said place; that said defective automobile was not a reasonably safe means of conveyance from said place of entertainment to her home in Hominy; and that the defendants in violation of their contract refused and failed to furnish the plaintiff with a reasonably safe means of conveyance to her home as they had expressly agreed to do; that said plaintiff entered the automobile at said time and place in the usual course of her employment and for the sole purpose of being conveyed by the defendants to her home, and said automobile was by the said Andrew Collins, as servant of the defendants, in the usual course of his employment as such, driven toward the city of Hominy, Okla., and the home of plaintiff; that because of the fact that said automobile had no lights, the auto-

mobile was driven, by the servant of the defendants off the road into a tree or fence post, and that the force of the collision broke the windshield of the automobile, and the plaintiff was thrown into the windshield and severely cut and injured, the injury being described; and for all of which she prayed judgment for her damages.

The defendants answered: (1) By a general denial. (2) By denial that they entered into the contract as alleged in plaintiff's petition. (3) They denied all negligence such as alleged in plaintiff's petition.

The case was tried before a jury and a verdict was returned for the plaintiff, from which the defendants appeal to this court. The assignments of error will be discussed as they appear in the brief of the plaintiffs in error, who will hereinafter be called defendants.

The defendants say that the evidence is not sufficient to support the verdict of the jury. Therefore, it is necessary to review only the evidence tending to sustain the verdict.

The evidence of the plaintiff shows that sometime prior to Thanksgiving Day, 1922, the defendants came to the home of the parents of the plaintiff, and that it was agreed between the father and the defendants, with the consent of the plaintiff, who was 17 years of age, that plaintiff could work for the defendants in taking care of their children. Plaintiff began working just prior to Thanksgiving, and worked about two weeks; she then stayed at home a week, and returned to her previous employment. It was a part of the original contract made between the father of the plaintiff and the defendants that they would convey her home every evening after she was done with her work, and this was carried out by the defendants.

On Christmas Eve day Potter and his wife went to the home of the defendants where their daughter was at work, and where they had gone on other business than her employment. While there the defendant Margaret Shunkamolah asked the father of the plaintiff if the plaintiff could go to a Christmas tree with them and take care of their children, and further said there was a present on the tree for the plaintiff and she wanted her to get it.

Plaintiff's father asked if they would bring her home, and both defendants said they would, and then the father consented that his daughter could go. The defendants and plaintiff's family all lived in the town of Hominy, but the Christmas tree was to be held in what was called the roundhouse, a tribal meeting house for the Osages outside the town of Hominy and in an Osage village. The foregoing was testified to by the parents of the plaintiff.

The plaintiff testified that she did not hear the conversation as to her going to the Christmas tree, but that when she went into the room where they all had been talking, her mother told her she could go. The plaintiff further testified that when the defendants left the house, they told her to help the cook wash the dishes, and she remained there about 30 minutes for this purpose; that at the direction of the defendants, she went to the roundhouse with some other persons, in a car which belonged to Joe Shunkamolah, driven by Andrew Collins, who was at that time employed by Shunkamolah. They got to the roundhouse before dark, and she did not know there was anything wrong with the lights on the car. After she arrived at the roundhouse she went to where Margaret Shunkamolah was, and stayed with her until the Christmas tree was over; helping to take care of the children while there. When the entertainment was over, Margaret Shunkamolah told her to go home with Andrew, and she then gave Margaret the baby. She saw Joe Shunkamolah at the door, and he told her to go home with Andrew; that she had no knowledge that there were no lights on the car until after she got in the car with Andrew Collins and started home; that the car had on it what they called a "dad's light" or flash light; that it failed to work after they had gone a short distance, and after that they did not have any light at all until they got to the top of the hill where there was a street light; that when they got near the city limits of Hominy, and near the street light, Andrew ran the car off the road into a fence post throwing her against the windshield, which caused her injuries. She did not see the fence post at the time the car struck it.

Andrew Collins testified that on the day of the accident, and prior thereto, he was working as chauffeur for the defendants, and at the request of defendants he took Joe Shunkamolah's car and conveyed to the roundhouse of the Osages, near the town of Hominy, some Cheyenne Indians and the plaintiff. The plaintiff was in the car with him when they left there about 10:30 or 11:00 o'clock. The plaintiff had never been in this car after dark until on this occasion: he drove the car a short way, and the flash

light that he was using for a headlight went out, and as he was coming toward the town light, it blinded him, and he got two or three feet off the road, and the car struck a post throwing plaintiff against the windshield. He was driving seven or eight miles an hour when this occurred. Having no lights on the car was the cause of the accident. Joe Shunkamolah knew of the condition of this car, as witness had told him of it a few days before that time. The battery was down, and Shunkamolah had promised several times to have it fixed.

It is fair to say that most of the foregoing testimony was contradicted by the defendants and their witnesses, but it is apparent there is evidence reasonably tending to support the verdict.

The defendants in due time filed a motion to make more definite and certain the second amended petition of plaintiff upon which this case was tried.

Section 298, C. O. S. 1921, provides:

"When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

This court has repeatedly held that this motion is addressed to the sound discretion of the trial court, and a ruling thereon, in the absence of an abuse of such discretion, that results prejudicially to the party complaining, will not be disturbed. City of Oklahoma City v. Stewart, 76 Okla. 211, 184 Pac. 779; City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136.

We have examined the petition and defendants' motion, together with the subsequent proceedings in this trial, including the evidence and instructions to the jury, and we are unable to see that the defendants were deprived of any substantial right by this ruling of the court.

The defendants next complain that the court erred in overruling their demurrer to the second amended petition of plaintiff.

As we view this case the conditions of the original employment of the plaintiff, as alleged in her petition, continued through her services on the 24th day of December, 1922, until she was returned to her home; that she simply continued to perform the same duties at the Indian village on Christmas Eve night for the defendants which she had theretofore done for them; and that, in consideration thereof, the defendants expressly agreed that they would furnish the plaintiff

with a safe means of conveyance home after the entertainment was over, amounting to an allegation that the conditions of her previous employment were continued, and that they recognized their duty to continue to safely convey plaintiff to her home after her services to them were ended.

When the petition is fully considered, it is reasonably clear from the allegations that no change in the contract of employment was made. The allegations of the petition bring the case within the rule laid down in Producers' & Refiners' Corporation v. Castile, 89 Okla. 261, 214 Pac. 121, 118 Okla. 42, 246 Pac. 615, and Pine Belt Lumber Co. v. Riggs, 80 Okla. 28, 193 Pac. 990, in which cases the master, as a part of the contract with the servant, engaged to take him to and from his work. The petition clearly stated a cause of action.

The next assignment is that the court erred in failing to charge the jury on the issues made in the case; and defendants submit the proposition that it was the duty of the court to charge the jury on any issue, theory or defense which the evidence tended to support.

We have examined the court's charge in the light of the previous opinion of this court in this case, and, without discussing the instructions in detail, it will be stated that we find the charge to be in accordance with that opinion, and with the well-settled rules of law applicable to the pleadings in this case, and the evidence submitted by the parties thereon.

The defendants by several requested instructions asked the court to submit to the jury the issues of assumption of risk and contributory negligence.

It is true that article 23, sec. 6, of the Constitution of this state provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

This court has repeatedly held that neither the defense of contributory negligence nor that of assumption of risk is available to a defendant who fails to plead these defenses. Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141; Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 Pac. 747; Armstrong v. Greene, 113 Okla. 254, 241 Pac. 789; Town of Depew v. Kilgore, 117 Okla. 263, 246 Pac. 606.

Looking to the statement of this case made in the former opinion, we find that as the pleadings stood on the former trial

and appeal, the defendants had invoked these defenses, but they are not in the answers upon this trial. We therefore conclude that the defendants did not care to expressly defend in this trial upon either of these issues, and purposely abandoned them in their pleadings.

It is not necessary for us to say whether the evidence in this case would have required the court to submit either or both of these issues had they been pleaded; but what we do hold is, that they must be pleaded in order to be available. And that no exception to the rule would be held in this case if evidence has been admitted, without objection, showing the existence of facts tending to prove these defenses, for the reason that the defendants cannot deliberately decline them in their pleadings, and thereafter have them when they conclude that the evidence falls in such way as to raise the issues to the advantage of the defendants.

We will not discuss in detail other assignments of error presented in the brief of the defendants for the reason that the questions here considered cover the substance of the propositions assigned as error, and we have found nothing which deprived the defendants of any substantial right.

It follows that the judgment of the trial court should be affirmed.

BENNETT, LEACH, FOSTER, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 801, §2758; 21 R. C. L. p. 600; 3 R. C. L. Supp. p. 1174; 4 R. C. L. Supp. p. 1422; 5 R. C. L. Supp. p. 1166. (2) 39 C. J. p. 273, §397 18 R. C. L. pp. 584, 585; 4 R. C. L. Supp. p. 1197; 6 R. C. L. Supp. p. 1077. (3) 39 C. J. p. 1220, §1402; 14 R. C. L. p. 769; 7 R. C. L. Supp. p. 469. (4) 39 C. J. p. 952, §1181; p. 954. §1182; 21 R. C. L. pp. 549, 569: 3 R. C. L. Supp. pp. 1167; 1169; 4 R. C. L. Supp. p. 1421; 6 R. C. L. Supp. p. 1274.