**Peggy CANDREIA, Appellant,**

v.

**Linda YOUNG, M.D., Appellee.**

No. 53730.

Supreme Court of Oklahoma.

Nov. 24, 1981.

Rehearing Denied Jan. 25, 1982.

Troye Kennon, Tulsa, for appellant.

Best, Sharp, Thomas, Glass & Atkinson by Joseph M. Best, Joseph A. Sharp, Robin M. Aiken, Tulsa, for appellee.

HODGES, Justice.

This is an appeal from a jury verdict for Linda Young, appellee [doctor], in a malpractice action. It is asserted by Peggy Candreia, appellant [patient], that the court abused its discretion when it instructed the jury on contributory negligence.

The patient was examined by the doctor on March 3, 1977. Dr. Young noted the patient's abdomen was swollen, and told the

patient she had gas. The patient was advised to return in two weeks if her condition did not improve. No appointment was scheduled. The patient called the doctor two weeks later, on April 13, 1977, but she was told the doctor was busy. She called again on May 17, 1977. She did not speak to the doctor on either occasion. The patient reported to the nurse that her condition was the same, although the medication was giving her some relief. A second examination was not scheduled. When the patient consulted another doctor approximately four months later, on August 19, 1977, she was told she had cancer. Surgery was performed on the patient, and a tumor 10 inches by 8 inches by 6 inches, approximately the size of a football, was removed. In attempting to remove this large tumor, fragments broke apart releasing cancer cells into the abdomen. Because of this spillage the patient had to undergo intensive cobalt treatment. Cobalt therapy caused the patient to develop bands of scar tissue which twisted a loop of intestine and she was readmitted to the hospital with an acute intestinal obstruction with gangrene. Surgery was performed and 20 inches of intestine were removed.

An action was brought to recover damages, alleging that Dr. Young was negligent in her examination of Peggy Candreia and that, as a result of the improper diagnosis, the patient's life expectancy was drastically reduced. Dr. Young did not plead contributory negligence in her answer, nor did she raise it at the pre-trial conference, or at any time prior to trial.

At the close of the evidence, Dr. Young moved to amend her pleading to conform to the proof pursuant to 12 O.S.1971 § 317,[1] which specifically sought the inclusion of contributory negligence as a defense. The court did not rule on this motion but instructed the jury on contributory negligence. The jury returned a verdict for the doctor on a comparative negligence form.

## I

The patient contends that the trial court erred in instructing the jury on contributory negligence. We have repeatedly held that the defense of contributory negligence is a defense which must be plead and proved.[2]

The doctor counters, however, that at the conclusion of the evidence she requested that the court amend the pleadings to include the defense of contributory negligence which is permitted under 12 O.S.1971 § 317.

The patient asserts that under § 317, pleadings may be amended to conform to the facts proved, when the amendment does not change the nature of the transaction or occurrence that is the subject of the claim or defense. Where the proposed amendment creates a different legal obligation, it changes the nature of the claim or defense. The doctor did not plead this defense in her answer. It was not raised at the pre-trial conference or prior to trial. The defense was not raised until the conclusion of the trial.

Assuming arguendo, there was evidence presented at the trial for the defense of contributory negligence, without objection, we find in this case, the subject of the defense was such a dramatic change from the pleading it was prejudicial for the trial court to give such an instruction. The patient was caught completely unaware, re-

1. 12 O.S.1971 § 317 provides:
  "The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change the nature of the transaction or occurrence that is the subject of the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

2. *Hunt v. Firestone Tire & Rubber Co.*, 448 P.2d 1018, 1021 (Okl.1968); *Hair v. Wilson*, 391 P.2d 789, 790 (Okl.1964); *Colonial Refining Co. v. Lathrop*, 64 Okl. 47, 166 P. 747 (1917).

sulting in a lack of opportunity to defend against it.[3]

REVERSED AND REMANDED FOR NEW TRIAL.

IRWIN, C.J., BARNES, V.C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

3. *Shunkamolah v. Delco*, 131 Okl. 272, 268 P. 270 (1928).