## WELLER v. DUSKY.

No. 5089.   Opinion Filed August 10, 1915.

Rehearing Denied September 13, 1915.

(151 Pac. 606.)

1.    **FRAUDS, STATUTE OF—Parol Agreements—Willingness to Perform.** If a promisor or vendor is ready and willing to perform and carry out the sale of the land in accordance with his parol agreement, he cannot, as a rule, be compelled to give up or pay for the consideration received, on the sole ground that the agreement is invalid because of the statute of frauds and he cannot be compelled to perform.

2.    **APPEAL AND ERROR—Review—Instructions.** An instruction which states a correct proposition of law, but which has no application to the issues involved, or the proof, will not warrant a reversal of the case, unless it is apparent that the erroneous instruction misled the jury.

3.    **TRIAL—Instructions—Construction as a Whole.** Instructions should be construed together as a whole, including special charges given at the request of either party. When so construed, if they properly state the law, they will not be subject to exception, although some numbered instructions, or portions thereof, standing alone, may be misleading.

(Syllabus by Bowles, C.)

*Error from County Court, Garfield County;*
*Winfield Scott, Judge.*

Action by W. E. Dusky against Frank Weller. Judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff below brought suit upon an open account for work and labor performed as a painter and for material furnished. Defendant below, by his answer, admits the account, but claims he sold the plaintiff a certain town lot for $325, and accepted the plaintiff's account as part payment, and agreed to furnish additional work to the plaintiff in an amount sufficient to finish paying for said lot, and that he complied with his agreement by standing ready and willing to furnish plaintiff with work in an amount sufficient to complete the purchase price of said lot, and was at all times ready and willing to furnish work to plaintiff as per agreement, but plaintiff refused to accept said work so tendered. Plaintiff admits this agreement, in substance, with this modification: That he was to have the painting of certain buildings which defendant then had under contract (defendant being a contractor and builder), and claims that the defendant refused to give him sufficient work upon contracts then held by him to enable him to finish paying for said lot. The issues raised by the answer and reply (the account being admitted) were tried to a jury, and plaintiff recovered.

*McKeever & Church* and *Frederick L. Brimi,* for plaintiff in error.

*W. J. Otjen,* for defendant in error.

Opinion by BOWLES, C. (after stating the facts as above). The court below tried this case upon the theory that an oral contract for the sale of land, being within the statute of frauds, was illegal and void, yet, if the vendor

was ready and willing to carry out his verbal contract, and deed the land in accordance therewith, he could not be compelled to refund money advanced thereunder, the same being part of the consideration, on the ground that, in the first instance, he could not be compelled to specifically perform the contract of sale. Obviously, this is true; otherwise the statute of frauds might be used as a sword, instead of a shield. The case of *Schechinger v. Gault,* 35 Okla. 416, 130 Pac. 305, Ann. Cas. 1914D, 468, and cases therein cited, is in point, and fully sustains the doctrine announced.

The court below, however, after overruling a demurrer to the answer of the defendant basing his defense upon this verbal contract, gave the jury an instruction embodying the statute of frauds relative to verbal contracts as affecting the sale of real property. This instruction had no application to the case as submitted to the jury, and should not have been given; yet the instruction, being a simple statement of the law, with no direction to the jury to apply it to any fact in the case, was harmless, and, in our opinion, was not considered by the jury in arriving at their verdict. An instruction which states a correct proposition of law, but which has no application to the issues involved, will not warrant a reversal of the case, unless it is apparent that the erroneous instruction misled the jury.

Plaintiff in error complains that instructions Nos. 2 and 4 are inconsistent and contradictory regarding the burden of proof. With this contention we cannot agree. Instruction No. 2 requires the plaintiff to establish the allegations in his reply by a preponderance of the evidence; that is, that the defendant was to furnish plaintiff sufficient work out of contracts then on hand to enable plaintiff to complete the purchase price of the lot. Instruction No. 4 requires the defendant to establish by the evidence that he

offered plaintiff, at the time, sufficient work to enable plaintiff to complete the purchase price, and that the plaintiff refused to perform. Both instructions are fairly in harmony with the pleadings of both parties and the facts adduced at the trial. Plaintiff claims he was to be provided with work out of contracts the defendant then had on hand. That this was the understanding of defendant is emphasized by him in his own testimony at page 26 of the case-made:

"I told him that I had quite a lot of work on hand, and that I would like him to take the lot, and he could pay for it in work."

The answer of the defendant is silent as to when the plaintiff was to do the work, but the testimony of the defendant fairly covers this hiatus. Therefore we hold that the instructions complained of stated the law of the case, and their inconsistency, as applied to the facts and the original understanding of the parties, is more imaginary than real. Were this not so, the giving of the instruction was not error, under the ruling of this court in *First National Bank of Tishomingo v. Ingle,* 37 Okla. 276, 132 Pac. 895, which held:

"Instructions should be construed together as a whole, including special charges given at the request of either party. When so construed, if they properly state the law, they will not be subject to exception, although some numbered instructions, or portions thereof, standing alone, may be misleading."

Finally, the contract for the sale of the lot and the mode of payment were submitted to the jury, and they found from the evidence that the defendant had failed to comply with his part of the contract and plaintiff was without fault. We believe from the facts that plaintiff was entitled to recover, and the jury so found.

We therefore recommend that the judgment be affirmed.

By the Court:   It is so ordered.