## NEWTON et al. v. ALLEN.

No. 7795—Opinion Filed Nov. 20, 1917.

(168 Pac. 1009.)

(Syllabus.)

On Rehearing.

**1. Trial — Instructions — Incorporation of Pleadings.**

The incorporation of the petition and answer in the court's instructions is not prejudicial error, where in other portions of the instructions the issues are clearly stated.

**2. Trial — Instructions — Construction Together.**

All the instructions should be considered together. If when considered as a whole they state the law correctly, and without conflict, this is sufficient, even though one or more of them standing alone might be incomplete.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by Ida S. Allen against S. D. Newton and others, partners under the name and style of the Eureka Mining Company.

Judgment for plaintiff, and defendants appeal. Affirmed, on rehearing.

A. C. Wallace, for plaintiffs in error.

A. C. Towne, W. S. Roark, and Scothorn, Rittenhouse & McRill, for defendant in error.

OWEN, J. This action was commenced by Ida S. Allen against plaintiffs in error in the district court of Ottawa county for damages sustained by the wrongful death of her husband, Joe Allen. In substance the amended petition alleged: That Joe Allen was in the employ of plaintiffs in error, who were engaged in mining for lead and zinc. That the duties of deceased under his employment consisted, among other things, in looking after a blowing engine that forces the air into the mine. That it was the duty of the plaintiffs in error to have a safety gate over the shaft so placed as to keep persons from falling into the shaft. While deceased, in company with the manager, was ascending from the bottom of the mine to the mouth of the shaft, under directions of the boss to turn off the blower, the manager negligently started the can in which they were ascending while the deceased was attempting to get out. Deceased was thrown from the can and fell down the shaft, there being no safety gate over same, as required by statute, and was killed. Plaintiffs in error in their answer allege, in substance, that at the time of the injury complained of the deceased was not engaged in the performance of any duty, but had appeared at the mine a few hours before his time to work and requested permission to go into the mine. That his falling from the can was caused by his negligence in attempting to get out while the can was in motion. That such action on his part amounted to negligence, and was the proximate cause of his death. Judgment below was for plaintiff, defendant in error here.

It is urged by counsel that the trial court committed prejudicial error in giving instructions Nos. 1, 3, and 9. The error complained of in instruction No. 1 is that the court incorporated as part of this instruction the amended petition and answer upon which the case was tried. The evil complained of in instruction No. 3 is that it was, in effect, a repetition of the causes of action alleged in the amended petition. Counsel insist that reading the amended petition of five or six typewritten pages and many allegations, instruction No. 3 being a repetition of these allegations, was an undue emphasis of the causes of action, and

tended to confuse the jury to the prejudice of the defendants. Many cases have been cited by counsel in support of their contention, and about as many by opposing counsel to the contrary. All the courts agree that the better practice is not to read the pleadings to the jury, but for the court to define the issues as joined by the pleadings. It appears that the court in instruction No. 3 did define the issues. This instruction summarized the particular acts which plaintiff below alleged amounted to negligence, and concluded by telling the jury that they could not find the issues for the plaintiff, unless they were satisfied by a fair preponderance of the evidence that one or all of the matters and things enumerated and alleged was the proximate cause of the injury. The court fairly stated the issues in this instruction, and we are unable to say that the incorporation of the petition and answer in instruction No. 1 probably resulted in a miscarriage of justice. Section 6005, Rev. Laws 1910. In the case of Seay v. Plunkett, 44 Okla. 794, 145 Pac. 496, it was held:

"Where the court in other paragraphs of the charge has defined to the jury what the issues are between the litigants, a judgment will not be reversed merely upon the grounds that the court set out the pleadings in full in his instructions to the jury, unless it is made to appear that the rights of the parties were prejudiced thereby."

To the same effect is Schmucker v. Clifton, 62 Okla. 249, 162 Pac. 1094.

The evil complained of in instruction No. 9 is that it is on plaintiff's theory of the case, and did not embrace the defense of contributory negligence, citing in support thereof the case of Oklahoma R. Co. v. Milam, 45 Okla. 742, 147 Pac. 314. Contributory negligence was defined in instruction No. 7, and the jury instructed if they found deceased was guilty of contributory negligence plaintiff could not recover, no matter if defendants were guilty of negligence. The instructions are to be construed as a whole. The numbering is the mere classification by paragraphs, a matter of convenience of counsel in arguing same to the jury and in pointing out objectionable parts to the court. The several paragraphs must be construed together, and not disconnectedly. They are sufficient if there be no conflict between the various paragraphs, and taken as a whole fairly state the law applicable to the issues joined. The judgment will not be reversed because some one paragraph fails to state the law applicable to the facts with all qualifications,

where the qualifications are clearly stated in other paragraphs. When the instructions construed as a whole state the law correctly, and without conflict, this is sufficient, even though one or more paragraphs standing alone might be incomplete. The case relied upon by counsel was expressly overruled in the case of Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1111. To the same effect, First Nat. Bk. v. Ingle, 37 Okla. 276, 132 Pac. 895; St. L. & S. F. R. Co. v. Akard, 60 Okla. 4, 159 Pac. 344; Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166; M., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142; Weller v. Dusky, 51 Okla. 77, 151 Pac. 606; McKenzie v. State, 11 Okla. Cr. 554, 149 Pac. 911; Seigler v. State, 11 Okla. Cr. 131, 145 Pac. 308; Muskogee Elec. Traction Co. v. Rye, 47 Okla. 142, 148 Pac. 100.

The judgment of the lower court is affirmed.

All the Justices concur.