## MUSKOGEE ELECTRIC TRACTION CO. v. ELLISON.

No. 11843—Opinion Filed Sept. 25, 1923.

1. Trial—Refusal of Requested Instructions Covered in Charge.

Although requested instructions may correctly state the law, yet if the law applicable to the issues involved in the case is fairly and substantially given by the court in its charges, a judgment will not be reversed because of refusal to give such requested instructions.

2. Appeal and Error—Harmless Error.

The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court; Muskogee County; Guy F. Nelson, Judge.

Action by R. G. Ellison against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. A. Summers, J. H. Maxey, and Christy Russell, for plaintiff in error.

Thomas J. Wiley, for defendant in error.

Opinion by JONES, C. This is an appeal from the judgment of the superior court of Muskogee county, rendered in an action wherein plaintiff, R. G. Ellison, sued defendant, Muskogee Electric Traction Company, a corporation, for the sum of $500, for an alleged damage to an automobile being driven by the son of the plaintiff, resulting from a collision between the said automobile and one of the street cars of the defendant, at the intersection of G street and Independence avenue, on the 20th day of September, 1919.

The defendant in its answer generally denies all the allegations of plaintiff's petition, and avers contributory negligence on the part of the driver of the automobile.

The case was tried to a jury and the plaintiff recovered a judgment in the sum of $157. The case was originally instituted in the city court of the city of Muskogee, and appealed to the superior court of said county. The plaintiff alleged in his petition that the damage complained of was the result of the negligence and carelessness on the part of the Electric Traction Company and its employes, and that the street car was being driven at a high and dangerous rate of speed and in excess of the rate of speed provided for by the traffic ordinance of the city of Muskogee, and alleged that the labor and material necessary to repair said car was of the reasonable value of $250, and that the value of the car was greatly depreciated in comparison to its value prior to the collision, and that it is of $250 less value after the repairs had been made than prior to the damage complained of.

The facts disclose in this case that this is one of the ordinary collisions which are frequent in this day and age, and there is some conflict in the testimony as to just how it occurred and who, if any one, was responsible, but as we view it, it is clearly a question of fact, and the only error complained of which we regard as worthy of consider-

ation is raised by the fifth, sixth, and seventh assignments of error, all of which practically go to the same point, wherein it complains that the court erred in refusing to give certain instructions requested by plaintiff in error on the trial of the case and in failing to give a specific instruction defining "contributory negligence", and cites numerous authorities, among which we find the case of City of Hugo v. Nance, 39 Okla. 640, 135 Pac. 346, and the case of St. L. & S. F. Ry. Co. v. Elsing, 37 Okla. 333, 132 Pac. 483, and various other authorities discussing the question of the importance of submitting the theory of the defendant to the jury, and the giving of proper instructions on "contributory negligence", and defining "contributory negligence", and there is no question but that the authorities cited established and followed the correct rule on that question. So the real question for determination is whether or not the instruction given by the court, without objection on the part of the defendant, is sufficient—which is as follows:

"You are further instructed that if you believe from the evidence that the driver of plaintiff's car approached said crossing at a high and rapid rate of speed and such as would not ordinarily be made by a reasonable, careful and prudent person or that he failed to look and listen for the approach of said street car and that by reason of all or any of these causes such failure contributed to the collision between the plaintiff's automobile and the defendant street car, then the driver of the plaintiff's car would be guilty of contributory negligence and your verdict should be for the defendant."

This, we think, fairly presents the theory of the defendant to the effect that the collision was caused by reason of the negligence on the part of the driver of the automobile; and, while it is lacking and faulty so far as the definition of "contributory negligence" is concerned, it nevertheless sets forth a state of facts in keeping with defendant's contention, and which, if proven, would have shown contributory negligence, and the jury are told by the instructions that such facts would constitute contributory negligence; and, while this is not a general nor a specific definition of "contributory negligence" it is a statement that, in our judgment, is sufficient so far as the issues are concerned in this case.

In Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141, the court said:

"As the very purpose of instructions is to aid the jury in arriving at a proper verdict in the case, the jury should be informed in clear, plain concise terms as to the law which is applicable to the particular case under consideration, and it is improper and erroneous for the court to give instructions to the jury which are not applicable to the case in any of its phases but which are mere abstract statements of the law. This rule holds good although the instructions contain correct statements in this respect for the jury is not concerned in what the law may be generally, but only the small portion of it which must govern the case under consideration.

"The principal objection to abstract instructions is that they may be misleading in that they tend to draw the minds of the jurors away from the real facts in the case."

This rule should be applied cautiously. The courts should follow the well-beaten paths and use such language and express themselves in the ordinary and customary manner and adopt instructions on the question, such as "contributory negligence", and definitions of legal terms as the courts have approved. However, we are inclined to believe that the instruction given was sufficient in this particular case and that the refusal to give the instruction requested does not constitute reversible error.

We find nothing in the case which would indicate that the rights of plaintiff in error were prejudiced by reason of the court's refusal to give the instruction requested and no objection was made to the instructions given.

Defendant in error moves for judgment against the sureties on supersedeas bond, which is hereby granted, and we recommend that the case be affirmed.

By the Court: It is so ordered.