**CUSHING REFINING & GASOLINE CO.**
**v. DESHAN et al.**

No. 20081. Opinion Filed June 9; 1931.

M. B. Cope, for plaintiff in error.

C. W. King and Leon S. Hirsh, for defendants in error.

S. J. Berton, Gordon J. Quilter, and James W. Cosgrove. for plaintiff in error.

A. F. Moss, H. R. Young, C. A. Warren, and L. G. Lewis, for defendants in error.

ANDREWS, J. This is an appeal from the judgment of the district court of Payne county, Okla., in favor of the defendant in error, Ethel May Deshan, as widow and next of kin of James S. Deshan, deceased, the plaintiff below, and hereinafter referred to as plaintiff, and against the plaintiff in error, defendant below, and hereinafter referred to as defendant. The original proceeding joined as defendants L. V. Lewellan and C. L. Virtue, partners doing business under the firm name of Sooner Trucking Company, who were jointly charged with liability with defendant. The verdict of the jury was in favor of those defendants. They will be hereinafter referred to as the trucking company. The action was for the wrongful death of James S. Deshan, who will be hereinafter referred to as the decedent. The verdict of the jury was in the sum of $20,000. Judgment was rendered thereon in favor of the plaintiff and against the defendant.

The facts in the case are substantially as follows: The decedent was in the employ of the defendant, the place of employment being some distance in the country. During the period of the employment the defendant, under its agreement with the plaintiff and the custom of the defendant in carrying on its business, conveyed the decedent from his home to the place of his employment and from the place of his employment to his home. On the night of the accident the field superintendent of the defendant, in the performance of his duty to the defendant, was

conveying the decedent and other employees of defendant from the place of employment to their homes in a Buick automobile which belonged to the defendant and was furnished by it for that purpose. The decedent was riding in the front seat of the automobile, which was being driven by the field superintendent of the defendant, who had entire charge thereof. A truck with a trailer in the rear belonging to the trucking company was stopped on the highway. A piece of rig timber extended from the truck and trailer to the rear. The roadway was straight for some 600 feet from the parked truck in the direction from which the automobile was coming. The automobile struck the end of the piece of timber, the piece of timber going through the right side of the front windshield, passing through the car and out the rear of the automobile on the left side. The decedent was instantly killed. The decedent left a widow and two small children as his legal heirs. His wages were $140 per month at the time of the accident. He contributed as much as $100 each month for the support of his family. He was 29 years of age and in good health. He was an affectionate husband and father. His wife was 27 or 28 years of age and the ages of the children were six and three years, respectively.

Since the verdict of the jury in favor of the plaintiff was a general verdict, we are bound by the rule that the judgment thereon will not be disturbed by this court if there is any competent evidence reasonably tending to support the same. Moses v. Harris, 111 Okla. 54, 237 Pac. 591. For that reason, in referring to further testimony, we will consider that favorable to the plaintiff.

The evidence further shows that the driver of the automobile was driving at the time of the accident at a rate of speed somewhere between 45 and 55 miles per hour. The driver of the car testified that he could not stop the car at the rate of speed it was moving after discovering the truck. He further testified that he was not farther than 35 feet from the truck when he first saw it. There was some dispute as to whether both of the headlights of the car were burning at the time of the accident, one of the witnesses testifying that only one of them was burning and the driver of the car testifying that he did not know whether they were both burning or not, for sometimes one of them was burning and sometimes both of them were burning. The driver testified that he "had got out on that trip and fixed one of the lights," but he refused to testify that both of the lights were burning at the time of the accident.

There is only one primary question in this case, and that is, whether or not the death of the decedent was caused by the negligence of the defendant, acting through its agents and employees. That question was determined by the verdict of the jury and the judgment based thereon, and being supported by competent evidence, it will not be disturbed.

The attack on the judgment consists of assignments of error all except one of which relate to the instructions offered, refused, and given. That one is as follows:

"Said court erred in permitting the plaintiff below to offer in evidence mortality tables showing the life expectancy of the widow, Ethel May Deshan, who was younger than her deceased husband."

Since the amount of the recovery is less than that shown by the evidence to be warranted, the error, if any, in the admission of the evidence was not such as to warrant a reversal of this cause. Twelve hundred dollars per year for the 36 years of the expectancy of the decedent justifies a verdict in excess of the amount recovered in this case. The error, if any, in permitting the introduction of the evidence complained of was harmless. Muskogee Electric Traction Co v. Ellison, 92 Okla. 200, 218 Pac. 829.

Objection was made to the giving of instruction No. 1. It is contended that that instruction consisted of a summary of the allegations of the pleadings, some of which were not supported by any evidence. It is urged that, inasmuch as there was no evidence as to the condition of the brakes on the automobile, no reference thereto should have been made in the instruction. Under the rule stated in Lambard-Hart Loan Co. v. Smiley, 115 Okla. 202, 242 Pac. 212, it is reversible error to submit the pleadings to the jury for them to determine what the issues are, where the pleadings are voluminous and involved, and the clear import of the decision is that the court should state the issues to the jury in its instructions. The instructions given fairly stated the issues in this case. The court confined the right of recovery to the failure of the driver of the automobile to use ordinary care in the operation thereof and to the negligence of the driver of the automobile in operating the car at the rate of speed at which it was being operated. Nowhere did the court submit to the jury any issue as to the defective condition of the brakes on the automobile. While instruction No. 1, standing alone, might be considered to be erroneous, it must be construed along with the other instructions given in which the

issues were clearly outlined. In Newton v. Allen, 67 Okla. 73, 168 Pac. 1009, this court held that the incorporation of the petition and answer in the court's instructions is not prejudicial error, where in other portions of the instructions the issues are clearly stated. See, also, Schmucker v. Clifton, 62 Okla. 249, 162 Pac. 1094.

Instruction No. 4 was as follows:

"You are instructed that the rules of the road in Oklahoma provide all vehicles overtaking others shall, in passing, keep to the left of the center of the road and shall not go over to the right unless entirely clear of the vehicle passed. And the maximum speed limit shall not exceed 35 miles per hour."

That instruction follows the statute in force at the time of the accident. We see no reason why it was not applicable to the facts in this case. In Tully v. Wetzel, 97 Okla. 22, 222 Pac. 539, the record showed that an automobile was parked in the road for the purpose of repairing a tire. The holding of this court therein supports the theory that the statute applies when passing a stationary automobile as when passing a moving one. It is here contended that the injury did not result from the failure to pass the truck and the trailer, and that the injury resulted from the failure to pass a piece of timber projecting from the rear of the truck and trailer. Had the driver of the automobile passed the truck and trailer, keeping "to the left of the center of the road," this accident would not have happened, and no doubt the driver of the automobile would have so passed the truck and trailer, and he started to go over to the left side of the road in time. He did not see the truck and trailer in time to turn out and miss the timber. The instruction given was applicable for the reason that, in the absence of the instruction, the jury would have been entitled to a belief that a man driving on the right side of the road was entitled to stay on the right side of the road. It seems to us that the instruction was properly given to indicate to the jury what action the driver of the automobile should have taken when he saw the truck and trailer on the road in front of him, that is, turn to the left in order to miss the standing truck and trailer. While the statute does not require the driver of an automobile to turn to the left in order to miss a piece of timber extending from the rear of a truck and trailer, it does require the driver of a moving automobile to turn to the left in time to miss a standing truck and trailer. If the right of recovery in this case was based upon the fact alone that a piece of timber was struck by an automobile, a differ-

ent situation would be presented; but, as we understand this record, the right of recovery here is predicated upon the negligence of the driver of the automobile prior to the time that he struck the piece of timber. We are unable to say that that instruction, taken in connection with the other instructions given, was such as to mislead the jury as to the issue presented. Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166; Weller v. Dusky, 51 Okla. 77, 151 Pac. 606.

By instruction No. 5 the trial court told the jury that if, at the time of the death of decedent, the defendant, either by custom or consent, had undertaken to and was transporting the decedent from his place of work as an employee of defendant to his home in a car owned by defendant and driver by another employee of defendant, then it was the duty of the defendant to use ordinary care to furnish the decedent with reasonably safe transportation from his place of work to his home; that such duty on the part of the defendant was a nondelegable duty, and that the negligence of the driver, if any, was the negligence of the defendant. The objection made to this instruction is that it should have been qualified at the close by the addition of words indicating that it was for the jury to say whether or not such negligence, if any, was the proximate cause of the accident and whether decedent had assumed the risk incidental to the riding in the car. The instruction merely defines one element of negligence on the part of the defendant. By instruction No. 11 the jury was instructed that before it could find for the plaintiff it must find from a preponderance of the evidence that the death was the direct and proximate result of the negligence of the defendant. Instruction No. 10 informed the jury fully as to the rule of assumption of risk. It cannot be expected that each phase of a case will be touched upon in a single instruction. The objection made to the use of the words "transportation" and "transporting" in connection with the defendant conveying the decedent to and from his work are without merit. Pine Belt Lumber Co. v. Riggs, 80 Okla. 28, 193 Pac. 990; Producers' & Refiners' Corp. v. Castile, Adm'x, 89 Okla. 261, 214 Pac. 121; Shunkamolah v. Potter Delco, 131 Okla. 272, 268 Pac. 270. The first part of instruction No. 6 is somewhat confusing and seems to deprive the defendant of the benefit of the defense of contributory negligence and assumption of risk, but when that portion is read in connection with the last part of the instruction, the true meaning is apparent.

Taken as a whole, the meaning is clear. The jury was instructed that if it found from the evidence that decedent was being transported from the place where he worked for the defendant to his home in an automobile driven by an employee of the defendant which was owned by the defendant, and if it further found from the evidence that the decedent exercised no supervision over the driver and had no right or authority to do so, that the defendant in operating the car through its employee was under the duty to use ordinary care in driving and operating the car and to safely transport the decedent, and that a failure to exercise such care would be negligence on the part of defendant. That is the correct rule of law.

The first part of instruction No. 7 was as follows:

"You are instructed that it is the duty of an operator of a motor vehicle while driving upon the highway to keep his machine always under control so as to avoid collisions with persons using the highway. He has no right to assume that the road is clear, but must under all circumstances be vigilant and must anticipate and expect the presence of others at places where other vehicles are constantly using the highway."

That part of the instruction told the jury that it was the duty of the driver or operator of a motor vehicle to keep his machine always under control so as to avoid collisions with other persons using the highway. That is the correct rule of law. In the case of Smith v. Clark, 125 Okla. 18, 256 Pac. 36, this court held:

"A driver of an automobile on a public road, upon approaching another automobile from the rear, must look out for the man ahead and must have his machine well in hand to avoid injuring the car ahead, so long as the man ahead is driving in accordance with his rights."

The defendant contends that:

"If Floyd Davis, as the driver of the Cushing Company's car, was bound in law to keep his car 'always under control so as to avoid collisions with persons using the highway' the plainest precepts of justice and fair play would at least require of such other persons a lawful and proper use of the highway."

That is true and it would have been a defense if defendant had not been driving at an unlawful or dangerous rate of speed and had its car been properly equipped with lights as to make it possible to see objects at a distance commensurate with the rate of speed, but the fact that the driver of the truck was negligent in not having a tail light so as to assist in avoiding the colli-

sion cannot excuse the defendant for its negligence. As to that part of instruction No. 7 that reads, "He has no right to assume that the road is clear," which is objected to by the defendant, we find no error when taken in connection with the remainder of the instruction. The second part of the instruction reads as follows:

"* * * and that at the time of the death of the said deceased, the said Floyd Davis was driving at such rates of speed that objects seen were too close or near him, so that he was unable to stop or prevent collision, he would not be in the exercise of ordinary care as has been defined to you, and that such action on his part would be negligence and would be the negligence of the defendant, Cushing Refining & Gasoline Company."

The objection raised to that part of the instruction is that it destroys the rule of "ordinary care," since the defendant claims that the driver testified that he saw the truck at the roadside in time to turn to his left and avoid contact therewith and that, in the act of turning the car, it came in contact with the timber projecting from the trailer behind the truck. The evident purpose of the last part of the instruction quoted above was to tell the jury that if they believed that Floyd Davis, defendant's driver, was driving the car at a rate of speed so rapid that he was unable to stop the car within a distance at which he could see objects in the road ahead of him in time to prevent a collision, the driving at such rate of speed would be negligence. That part of the instructions was correct. In Haines v. Carroll (Kan.) 267 Pac. 986, the court held:

"It is negligence as a matter of law to drive an automobile along the highway on a dark night at such speed that it cannot be stopped or turned aside within the distance that objects can be seen ahead of it. Following Fisher v. O'Brien. 99 Kan. 621, 162 Pac. 317, L. R. A. 1917F, 610."

See, also. Holsaple v. Superintendents of Poor of Menominee County (Mich.) 206 N. W. 529; West Construction Co. v. White (Tenn.) 172 S. W. 301; Knoxville Ry. & Light Co. v. Vangilder (Tenn.) 178 S. W. 1117; Nikoleropoulos v. Ramsey (Utah) 214 Pac. 304; and Spencer v. Taylor (Mich.) 188 N. W. 461. In Roth v. Blomquist (Neb.) 220 N. W. 572, it was said:

"In attempting to make his case, plaintiff was bound by his own testimony, which shows conclusively in connection with evidential facts not disputed that he could not stop within the distance that his lamps threw light ahead of his car upon discover-

ing the team and wagon. A general rule of law has been stated thus:

"'It is the duty of a chauffeur traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision.' Berry, Automobiles (5th Ed.) sec. 177.

See, also Huddy, Automobiles (8th Ed.). sec. 396, and 1 Blashfield, Cyclopedia of Automobile Law, c. 16, sec. 17, p. 350, and cases cited in the texts.

"This general rule is supported by sound reasons and the overwhelming weight of authority. When applicable to the facts, a violation is of itself negligence precluding a recovery in favor of the motorist for resulting injuries to himself or to his property."

The instruction as a whole was a proper instruction, under the evidence in this case, and it is not in conflict with the rule announced in Schassen v. Columbia Gorge Motor Coach System (Ore.) 270 Pac. 530.

The rule that a person traveling upon a highway has a right to assume that all other persons using the highway will obey the law, and that one is not bound to keep a lookout for others who may violate the law, applies only to those cases where the automobile is being driven in conformity to the law and not in violation thereof, and it has no application where the automobile is being driven in a negligent manner, where it is not properly equipped with lights, or where it is being driven at an excessive rate of speed. In those instances the primary negligence of the driver of the automobile renders inoperative the rule stated.

Instruction No. 8 informed the jury that when a master, either by custom or by consent, undertakes the duty of furnishing an employee with transportation between the employee's place of work and his home. it is the duty of the master to use ordinary care to furnish said employee with reasonably safe transportation and to use ordinary care to protect him from injury during said transportation, and that a failure to use such ordinary care on the part of the defendant would be negligence and would render the defendant liable to the plaintiff if such negligence directly and proximately caused or contributed to the death of decedent, unless the decedent was guilty of contributory negligence. The objection made to this instruction was that it left out of consideration the question of assumption of risk and that the words "transporting" and

"transportation" used therein are too broad. The instruction was fair and announced the correct rule upon the subject and it is supported by the decisions in Pine Belt Lbr. Co. v. Riggs, supra, Producers' & Refiners' Corp. v. Castile, supra, and Shunkamolah v. Potter Delco, supra. In the latter case this court held:

"If a master owe to his servant the duty to transport her to her home after her work is done, such master is required to exercise reasonable and ordinary care to furnish the servant a reasonably safe means of transportation, and if the master fails in such obligation, and such failure is the proximate cause of an injury to the servant, the master is liable for damages resulting therefrom."

Decisions from other states holding to the same effect are Watson v. Energy Construction Co. (Mo.) 286 S. W. 715; Lumber Company v. Cook (Ark.) 247 S. W. 1071; Morgan v. Lumber Company (Ore.) 148 Pac. 1122; Stone-Webster Co. v. Collins, 199 Fed. 581.

Defendant's further objection to the instruction is that the court did not incorporate therein the law covering assumption of risk. The law of assumption of risk as applied to the facts in this case was fully covered by instruction No. 10 and it was not necessary to include it in other instructions. Newton et al. v. Allen, supra.

The contention that "transportation" and "transporting" are used in too broad a sense in the instructions and that the use of same in the instructions required more than the furnishing of a reasonably safe vehicle, a reasonably safe driver, and the exercise of ordinary care by said driver—that contention cannot be sustained. The words were used interchangeably with "removal" and "conveyance."

Instruction No. 9 told the jury that if it believed from a preponderance of the evidence that, at the time of the accident, the decedent was being transported or taken to and from his place of work to his home by defendant, either by custom or consent on the part of defendant, and that the driver of the automobile was an employee of the defendant and was driving at a rate of speed in excess of 35 miles per hour, the operation of such car at such rate of speed would be negligence as a matter of law. That instruction states the law and was fully justified by the evidence. One of the parties riding in the automobile at the time of the accident testified that the car was being driven at the time of the accident at a rate of 45 to 50 miles per hour. O. V. Caldwell, who saw the car as it approached the truck, testified that the car was running

between 45 and 50 miles per hour. It was not necessary that that instruction contain a provision as to proximate cause, since that provision was fully covered in instructions Nos. 3, 8, and 11.

It is urged that instruction No. 10 was erroneous in that it failed to give the correct rule of law as to assumption of risk. Defendant says, "In law, Deshan assumed all ordinary risks and dangers and also all extraordinary risks and dangers, including those created by defendant's negligence, if any, after he became aware of their existence. The foregoing instruction is not only confusing but it misstates the law and invades the province of the jury," and cites in support of this assertion, St. Louis-San Fransciso Ry. Co. v. Henson, 118 Okla. 124, 247 Pac. 92. That part of the decision referred to is an instruction upon which the court rendering that decision was commenting, but the instruction passed upon in that case is not applicable to the facts in this case. When read as a whole, the court instructed the jury that the decedent assumed all ordinary risk incident to his employment and all extraordinary risks and hazards resulting from the negligence of the defendant of which he had knowledge or which were so obvious that an ordinary person would have understood such risks. That is the correct rule of law in this state. In St. Louis-San Francisco. Ry. Co. v. Landers, 116 Okla. 142, 243 Pac. 959, this court held:

"An employee is not regarded as having assumed a risk attributable to the employer's negligence until he becomes aware of it, unless it is so plainly observable that he must be presumed to have knowledge of it. An employee is not obliged to exercise care to discover dangers resulting from the employer's negligence and which are not ordinarily incident to the employment."

Instruction No. 11, in substance, stated that, if both defendants below were guilty of negligence which proximately contributed to the death of decedent, each of said defendants is liable to the plaintiff, but should they find that the death of decedent was caused as a direct and proximate result of negligence of one of the defendants and not the other, even if the other had been negligent, only the defendant whose negligence was the direct and proximate cause of the death of decedent would be liable. The true rule is stated in 45 Corpus Juris, page 1348, section 922, but the error in this instruction is not one of which the defendant may complain, under the issues herein. The objection made to this instruction is that it should have been qualified by giving the jury an opportunity to consider the question of contributory negligence of decedent and

his assumption of risk with said ultimate fact of liability. The court had fully instructed the jury as to contributory negligence in instruction No. 4½ and as to the assumption of risk in instruction No. 10. Since the court had already given full instructions upon those subjects, it was not error in its failure to include those subjects in the instruction upon proximate cause. The cases cited by defendant do not apply to the facts in this case. In Chicago, R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146, there was a complete failure on the part of the court to give any instructions on the defense of contributory negligence. The other case cited by defendant, Oklahoma Ry. Co. v. Milam, 45 Okla. 742, 147 Pac. 314, was overruled in Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1111.

In Newton v. Allen, supra, his court held:

"All the instructions should be considered together. If when considered as a whole they state the law correctly, and without conflict, this is sufficient, even though one or more of them standing alone might be incomplete."

Where the court fairly instructs the jury on the law and a verdict is returned within the issues and is reasonably supported by the evidence, the same will not be disturbed on appeal. Ellison v. Bank of Meeker, 27 Okla. 782, 117 Pac. 199; Ft. Smith & W. Ry. Co. v. Chandler Cotton Oil Co., 28 Okla. 82, 106 Pac. 10.

The peremptory instruction asked for by defendant was properly refused by the court. From the evidence the decedent was working for the defendant; the defendant furnished necessary transportation for decedent to and from his work; the automobile in which decedent was riding at the time of the accident belonged to defendant and was being driven by the field superintendent of the defendant; the car was being driven at a high rate of speed at the time the accident occurred; one of the headlights on the car in which decedent was killed went out only a few minutes before the accident and it was not shown that it was burning at the time of the collision resulting in death, and the speed of the automobile at the time of the collision was in excess of that prescribed by statute. Under those facts the court was justified in submitting the issues to the jury.

The other instructions asked for by defendant and refused by the court were substantially covered by the instructions given by the court. In Muskogee Electric Traction Co. v. Richards, 97 Okla. 61, 222 Pac. 265, this court held:

"In an action for damages by wrongful death, where there is an issue of contributory negligence in the pleadings and evidence, and the court covers this issue by its general instructions to the jury, it is not error to refuse to give a special instruction asked for by defendant on the same issue."

It was not error to refuse a requested instruction when the subject covered thereby has been fairly covered by the court's main instructions to the jury. Muskogee Electric Traction Co. v. Jackson, 88 Okla. 184, 212 Pac. 416; Schaff v. Hudgins, 98 Okla. 219, 225 Pac. 913; Midland Valley Ry. Co. v. Gibson, 94 Okla. 193, 221 Pac. 100; and Producers' & Refiners' Corp. v. Castile, supra.

We find no error in the record of which the defendant may complain, and the judgment of the trial court is in all things affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.