## KANSAS CITY LIFE INSURANCE CO. v. BANCROFT et al.

### No. 22758.   Oct. 2, 1934.

Keaton, Wells, Johnston & Barnes, Abernathy. Howell & Whitesill, and Frank W. McAlister, for plaintiff in error.

Park Wyatt and Byron Lamun, for defendants in error.

PER CURIAM. On the 27th day of February, 1919, the Kansas City Life Insurance Company issued a policy on the life of Allen C. Bancroft in the sum of $2,000, with his wife as beneficiary. She died about two years later, and his two daughters, Marva Alleen and Elsie Alice, were substituted as beneficiaries therein. He paid five premiums, which carried the policy to the 27th day of February, 1924, at which time the policy went on extended insurance and ran on extended insurance six years and six months from that date, which carried the policy to the 27th day of August, 1930. On the 11th day of August, 1923, Allen C. Bancroft disappeared and was never heard from thereafter. He left four insurance policies. One for $2,000 in the Metropolitan Life Insurance Company, two in the Travelers Insurance Company, and one in the Kansas City Life Insurance Company, the same being the one sued on herein. In one of the policies issued by the Travelers Insurance Company, the same beneficiaries appear as in the policy sued on herein, and the other policy is payable to his estate. Suits were brought on the two policies against the Travelers Insurance Company. They were removed to the federal court and consolidated and tried together. Judgment was rendered on each policy against the insurance company on the findings of the jury and the cases were taken to the Circuit Court of Appeals for the Tenth Circuit, and were decided on the 7th day of July, 1933, and a rehearing denied on August 11, 1933. The Circuit Court of Appeals affirmed both cases.

The evidence offered in these cases, as evidenced by the statement of facts by Judge Johnson, in so far as it pertains to the disappearance of Allen C. Bancroft and the search made for him, is identical with the evidence offered in this case, and we adopt the statement of facts by Judge Johnson as

being a correct statement of facts in this case. The two cases referred to are styled Travelers Insurance Co. et al. v. Bancroft et al., and consolidated under No. 709, and reported in 65 Fed. (2d) 963. The statement of facts by Judge Johnson is as follows:

"The evidence in the case disclosed that on August 11, 1923, the insured was taken by his brother-in-law from his home in Tulsa, Okla., to the railroad station in that city for the ostensible purpose of making a business trip to the state of Missouri; that the insured was never seen again by anyone after his separation at the station from his brother-in-law. After the end of seven years from the date of his disappearance the beneficiaries made proof of death by setting up such disappearance and absence, unheard from for a period of seven years, and commenced these actions to recover upon said policies. * * * The evidence discloses that at the time the policies were written the insured was a contractor engaged in bridge construction. About two years before he disappeared his wife had died, leaving the two children above named. At the time of his disappearance Alleen, the elder, was 9 years old and Alice, 4. After the death of his wife he became despondent and morose in his association with friends and acquaintances; his mind seemed to be affected; he became involved in a business way; his home was heavily mortgaged and at the time of his disappearance he was having difficulty in meeting his current bills; however, it was the opinion of his bookkeeper that had he remained and given personal attention to his affairs he would have been able to carry on and meet his obligations. While despondent and morose in his association with friends and acquaintances, it was noted that he became, after the death of his wife, more devoted to his children; he converted a room of his home into a business office, apparently for the purpose of being with his children and having them under his immediate oversight; he personally attended their wants.

"After his disappearance two writings signed by him, in his handwriting except the letterhead, under date of August 4th, were found in his desk at his home. These writings were as follows:

"'A. C. Bancroft, Phone Osage 9788
"'Contractor

"'Address P. O. Box 210
"'Metal and Concrete Bridges and Concrete Pavement

"'Rooms 211-212 Lorton Bu'lding
"'A. C. Bancroft
"'Tulsa, Okla. Aug. 4th, 1923.

"'P. S. Stover

"'I would like if possible for Dr. and Mrs. J. E. Cullum to take charge of the girls Al-

leen and Alice and also any money that may come to the girls, said money to be used to care for and educate them also they (the Cullums) and the girls to have the furniture and everything in the house pertaining to the home. P. S. Stover my bookkeeper knows more about my business affairs than any one else so would like for him to settle same if possible. Resp. A. C. Bancroft. This is the only way I see to keep from dragging my babies through a life of poverty and dant.'

" 'A. C. Bancroft Phone Osage 9788

" 'Contractor

" 'Metal and Concrete Bridges and Concrete Pavement.

" 'Address P. O. Box 210 Rooms 211-212

Lorton Building

" 'A. C. Bancroft

Tulsa, Okla. Aug. 4, 1923.

" 'P. S. Stover

" 'Statement of facts in regard to property held in name of Dan W. Patton, Trustee.

" 'The property is located at Eleventh and M. K. T. Railroad.

" 'This property is bought and paid for from money earned by A. C. Bancroft in the building of bridges in Tulsa county. Mr. Patton and Mr. Wooden to have (1/3) one-third interest each for giving me the work I also gave them $1,000 in cash. Mr. Patton has kept the books on this property in his office in county engineer's office some of the payments were made out of rent money collected from the property by myself or Mr. Patton. This statement I swear to before my maker and God. A. C. Bancroft.'' '

The jury rendered a verdict against the insurance company in this case for $2,000, with interest at the rate of 6 per cent. from the 11th day of August, 1930, and the court rendered judgment upon the verdict of the jury. The insurance company appeals and relies upon two assignments of error:

First, the court erred when it assumed the existence of material facts put in issue by the pleadings in the case.

Second, a presumption that death occurred in a certain year cannot be founded upon a mere inference of death drawn from seven years' absence. A verdict cannot be based upon pure conjecture.

The first assignment of error deals with the instructions, and instruction No. 6 is complained of in particular. This instruction reads:

"No. 6. You are instructed, gentlemen of the jury, that it is a rule of common law that a person shown not to have been heard of for seven years by those, if any, who, if

he had been living would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death; and in this connection you are instructed that there must also be evidence of diligent inquiry at the place of the person's last residence in this country and among his relatives and any others who would probably have heard of him if living; and, if you find from the evidence in this case that the plaintiffs have made diligent inquiry in an effort to locate Allen C. Bancroft, and further find that he had not been heard of within seven years from August 11, 1923, and prior to the filing of this petition herein, then and in that event your verdict should be for the plaintiffs for the amount sued for."

It is asserted in the brief of plaintiff in error that this instruction assumes that Allen C. Bancroft is dead and infringes upon the province of the jury. In several other instructions the court distinctly told the jury that they could not find for the plaintiffs unless they found that Allen C. Bancroft was dead. Under the rule frequently declared by this court, the jury cannot single out one instruction and consider it to the exclusion of the others, but must consider them all as a whole, and in several of the other instructions the court stated and reiterated that the jury could not find for the plaintiffs unless they first found that Allen C. Bancroft was dead. We think that taking the instructions as a whole they are correct and are not misleading, and that they furnish the jury a proper guide to be followed in rendering their verdict, except as to the date on which the policy lapsed, and in view of the jury's verdict this error is immaterial.

In Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 P. 1111, this court said:

"Instructions must be construed as a whole and construed together, and it is not necessary that any particular paragraph thereof contain all of the law of the case. It is sufficient if when taken together and considered as a whole they fairly present the law of the case and there is no conflict between the different paragraphs thereof." See, also, Newton et al. v. Allen, 67 Okla. 73, 168 P. 1009; Chicago, R. I. & P. Ry. Co. v. Johnson, 71 Okla. 118, 175 P. 494; St. Louis & S. F. Ry. Co. et al. v. Thompson, 139 Okla. 143, 281 P. 565; Cushing Refining & Gasoline Co. v. Deshan et al., 149 Okla. 225, 300 P. 312.

We find no error in the instructions of the court except as we shall presently note.

In the answer of the insurance company, in paragraph 4, it was stated:

"It alleges that if the said Allen C. Bancroft is now dead, he died on or after August 11, 1930, and that at the time of his death, the policy of insurance had become void by its terms on account of the nonpayment of premiums; that neither said assured nor any one else made any premium payment upon said policy after February 27, 1923, when a premium payment was made which carried the policy to February 27, 1924, and it then went on extended insurance which carried it for six years and six months from that date, or until July 27, 1930."

The computation of time made by counsel for the insurance company is erroneous. Six years and six months from February 27, 1924, carries the policy to August 27, 1930, and not to July 27, 1930. At page 44 of the record it is stipulated by counsel in substance that by virtue of the payment of five premiums on the policy in question, the extended insurance carried the policy in full force and effect until the 27th day of July, 1930. This stipulation is erroneous. It is undisputed in the record that five full premium payments were made on the policy, which carried it to the 27th day of February, 1924, as alleged in the answer of the insurance company. This error is doubtless inspired by the error of the insurance company in the computation of time as stated in its answer, and the same error is carried entirely through the case, and the court was induced thereby to instruct the jury that they must find that Allen C. Bancroft died prior to the 27th day of July, 1930, in order to find for the plaintiffs. This court is not bound by an erroneous conclusion based upon a computation of figures by counsel in the case when the error is patent on the face of the record, and therefore holds that the insurance policy was in force by virtue of the payment of five full premium payments and the extended insurance until the 27th day of August, 1930. Both the stipulation and the error in the instructions are attributable to the miscalculation of the date as set forth in the answer of the insurance company, and the result is that the instructions were more favorable to the insurance company than it was entitled to. The court should have instructed the jury that the insurance policy was in full force and effect until the 27th day of August, 1930, and that if they found under the instructions of the court that Allen C. Bancroft was dead at the end of the seven-year period beginning with the 11th day of August, 1923, their verdict should be for the plaintiffs. However, the court in the instructions required the jury to find in order for the plaintiffs to recover that Allen C. Bancroft died prior to July 27, 1930, and this gives rise to the second contention of the insurance company, to wit:

"A presumption that death occurred in a certain year cannot be found upon a mere inference of death drawn from seven years' absence. A verdict cannot be based upon pure conjecture."

The answer to the second contention is that it was not necessary for the jury to find the year in which Allen C. Bancroft met his death. It was sufficient for the jury to find that he met his death at some time within the seven-year period, or at least was dead at the end of the seven-year period, and upon this finding the plaintiffs were entitled to recover.

It is then contended under proposition 2 that there was no evidence on which the jury could find that Allen C. Bancroft died prior to July 27, 1930, the date on which it was erroneously assumed the policy lapsed. This court is of the opinion that the evidence was ample on which the jury could find that Allen C. Bancroft committed suicide on or about the 11th day of August, 1923, if it was necessary for the jury to so find. We are reinforced in this conclusion by the finding of the Circuit Court of Appeals in the case of Travelers Insurance Co. v. Bancroft, 65 Fed. (2d) 963, supra. Section 4 of the headnotes in that case states:

"In actions on life policies, writings signed by insured, missing for seven years, dated shortly before his disappearance, giving directions regarding property and children's future, held, admissible under contention that insured committed suicide on day of disappearance."

And in section 6 of the syllabus, the Circuit Court of Appeals holds:

"In actions on life policies, evidence that insured, missing for seven years, committed suicide, held sufficient for the jury."

One of the policies issued by the Travelers Insurance Company lapsed in October, 1923, and the other lapsed in March, 1924. It was therefore necessary in the suits on these policies for the jury to find as a fact that Allen C. Bancroft died prior to the time these policies lapsed, and the jury therefore found by their verdict that he committed suicide on or about the date of his disappearance, or at least died about that time, and the evidence was held sufficient to sustain the verdict of the jury. In passing on the evidence in this case this court is not bound by the holding of the Circuit Court of Appeals, even though the evidence is similar to the evidence in the case at bar, but the decision of that eminent

court is too persuasive to disregard, and this court agrees with the findings of that court. Proof of death was made after the expiration of seven years. Some mention of the statute of limitations is made in the pleadings, but this is not discussed in the briefs, and is therefore waived. However, this identical question is passed on in the Travelers Case, supra, and is referred to herein as a complete answer to the question of the statute of limitations.

We therefore hold: First, that it was not necessary for the jury to find the date of death of Allen C. Bancroft in this case. It was only necessary that the jury find that he was dead at the end of the seven years from his disappearance, which would be the 11th day of August, 1930, and that this court is not bound by a stipulation by counsel stating an erroneous conclusion upon plain and patent facts which are undisputed in the record. Second, we further hold that the instructions as a whole correctly state the law of the case, except as to the date on which the policy lapsed, and the insurance company is not in position to complain of this error. The jury's verdict is right and the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. A. Duff, Summers Hardy, and John Ladner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. J. A. Duff and approved by Mr. Hardy and Mr. Ladner, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.