## THE PRAETORIANS v. PHILLIPS.

No. 28860. Feb. 21, 1939.

Rehearing Denied March 28, 1939.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

Robert D. Crowe, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, entered in an action to recover upon a life insurance policy.

The policy was for $2.000 on the life of Robert V. Phillips, with Allie D. Phillips, his wife, named as beneficiary. The annual premium was $22.80, or a monthly rate of $2. Payment thereof was made up to and including the month of December, 1930, which extended the policy in force until February 1, 1931.

For sometime prior to May 9, 1930, the insured lived in Shawnee, Okla., with his wife and son, then about eleven years of age, where they had for sometime operated a hotel, or hotel and rooming house. He had for some years been engaged as a tool dresser in the oil fields, principally for operators using cable tools.

On May 9, 1930, Phillips left Oklahoma, and went to New Mexico with the view of obtaining employment in his former line as tool dresser. He went first to Hobbs, N. M., and from there to Roswell. He wrote his wife and child regularly about once a week until about August 6, 1930. Thereafter he has never been heard from.

This action was commenced by defendant in error, hereinafter referred to as plaintiff, on October 28, 1937.

The petition alleges substantial compliance with the terms of the policy, and alleges in substance the disappearance of the insured, and that he had been wholly

unheard from for more than seven years, continuously, and alleges that he is dead.

Issues were so joined by the pleadings as to present the question of whether, if insured was dead, he died at sometime between about August 4, 1930, and February 1, 1931. Trial was had to a jury resulting in a verdict and judgment for plaintiff, and defendant appeals.

The petition in error sets out 20 assignments of alleged error, but defendant states in its brief that it is presenting under a single proposition each assignment of error. The proposition is:

"Where one leaves his home, and is not heard from by his family for a period of seven years, the law presumes that he is dead at the expiration thereof, but there is no presumption as to the actual date of death, and when it becomes material, as in this case, this fact must be established like any other fact."

Prior to the enactment of article 3, ch. 8, S. L. 1937, we had no statute fixing the time after which a missing person would be presumed to be dead, but the common-law rule of presumptive death applied. This rule is stated in Modern Woodmen of America v. Ghromley, 41 Okla. 532, 139 P. 306, in Modern Woodmen of America v. Michelin, 101 Okla. 217, 225 P. 163; Kansas City Life Ins. Co. v. Bancroft, 169 Okla. 139, 36 P.2d 288; Northwestern Mutual Life Ins. Co. v. Rutledge, 174 Okla. 639, 51 P.2d 521. Other cases might be cited recognizing the rule. The common-law rule in the early cases is stated in Modern Woodmen of America v. Ghromley, supra, as:

"It is a rule of common law that a person shown not to be heard of for seven years by those, if any, who if he had been living, would naturally have heard of him is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death."

There is no serious contention that the evidence is insufficient to bring the case within the general rule, that unexplained absence, lack of information concerning the absentee for seven years, after diligent inquiry, gives rise to a presumption of death sufficient to overcome the presumption that a person shown to have been alive continues to live.

Defendant, in effect, concedes that had the premiums on the policy been paid for the full period of seven years after the disappearance of Phillips, the corporation would then have been liable to the beneficiary.

The contention is that since the premiums were paid only for such time as to keep the policy in force to February 1, 1931, it was incumbent upon the plaintiff to prove that Robert V. Phillips died at sometime between about August 6, 1930, and February 1, 1931, and that the evidence is wholly insufficient to sustain a finding by the jury that the insured died within that period.

The trial court instructed the jury that "if you find and believe from a fair preponderance of the evidence that the said Robert V. Phillips died prior to February 1, 1931, then your verdict should be for the plaintiff. On the other hand, if you fail to so find, your verdict should be for the defendant insurance company."

The verdict for plaintiff under said instruction necessarily included a finding that the insured died prior to February 1, 1931.

The contention is that the evidence is wholly insufficient to sustain such finding. This contention was presented to the trial court in several ways: Demurrer to plaintiff's evidence, demurrer at the close of all the evidence, motion for directed verdict and motion for new trial.

In support of its contention defendant cites numerous cases holding that presumption of death arising from seven years absence is only as to the fact of death, and not as to the time of death. Kansas City Life Ins. Co. v. Bancroft, supra.

Cases from other states are cited holding that the presumption created by absence of a party unheard from for seven years is not that he died within said period, but immediately upon the expiration of it. Brotherhood of Locomotive Firemen & Engineers v. Nash (Md.) 125 Atl. 441; Hicks v. M. W. A. (Iowa) 213 N. W. 236; English v. U. S., 25 Fed. 2d 335 (Dist. Ct. Md.).

Other cases cited by defendant hold that presumption of death arising by seven years' absence does not arise until end of seven-year period, unless circumstances quicken time. Minnis v. Eq. Life Assur. Soc. (Cal.) 267 P. 538.

There is some conflict of authority as to whether the presumption of death from absence raises any presumption as to the time of the death of an absent person. 8 R. C. L. 711.

The general rule, and that supported by the great weight of authority, is that under certain conditions and circumstances the presumption of death at or about a certain time, short of the seven-year period, may arise.

In 8 R. C. L. 712, it is said:

"Even in those jurisdictions where the time of the death of a person who cannot be found is presumed to be seven years from the date on which he was last heard from, the person to whose interest it is to show that he died before that time may rebut this presumption by showing from facts and circumstances that his death in all probability happened before that day, or at any particular day between that time and the day he was last heard from. To raise the presumption of death at any particular time special facts and circumstances should, however, be shown reasonably conducing to that end. The evidence need not be direct or positive, but it must be of such a character as to make it more probable that he died at a particular time than that he survived."

And at page 713, it is said:

"Thus evidence of character, habits, domestic relations, and the like, making the abandonment of home and family improbable, and showing a want of all those motives which can be supposed to influence men to such acts, may be sufficient to raise the presumption or to warrant an inference of the death of one absent and unheard from, without regard to the duration of such absence."

Substantially the same rule is stated in 17 C. J. 1169, where it is said:

"The presumption of death from seven years' absence does not preclude an inference that death may have occurred before the expiration of such period where there are circumstances which would justify a conviction that death occurred at an earlier date, as for instance that the absent person, during the period after his disappearance, encountered some specific peril, or was subject to some immediate danger calculated to destroy life, or where the circumstances are such as to make it improbable that he would have abandoned his home and family, or that when he left home he was in poor health or in a precarious physical condition."

It will thus be seen that the general rule is that where a person disappears, and is not heard from for a period of seven years, upon a showing of due diligence, search, and inquiry, it will be presumed that he is dead. This alone, however, will not give rise to a presumption that such person died prior to the last day of said seven-year period, or at any particular time within said period.

This, however, does not preclude the person whose interest it is to show that death occurred at an earlier date from showing by facts and circumstances that his death in all probability happened at an earlier date, or about a particular time within such seven-year period, or before a given date within said period, so as to give rise to a further presumption that death occurred short of the seven-year period, or prior to a particular date within such period. Special facts and circumstances in addition to the unexplained absence must be shown to give rise to such additional presumption. As to what set of facts and circumstances is necessary to give rise to a presumption of earlier death, the authorities are not in harmony. Substantially all the authorities agree that a jury may infer that the absent person died before the expiration of the seven-year period from a showing that the person within such period encountered some special peril, or that he was within range of some impending or imminent danger, or upon a showing that at the time he disappeared he was afflicted with some disease likely to produce death within a short time.

It is also fairly well established that the death of an absent person may be presumed in less than seven years from facts and circumstances other than exposure to probable fatal danger, such as the improbability of and lack of motive for abandoning his home and family as shown by the rule stated in 8 R. C. L. 713, supra.

It is within the latter rule, if at all, the judgment in this case may be sustained. The defendant earnestly contends that there is no evidence upon which the trial court was authorized to submit the question to the jury, and that the evidence was wholly insufficient to support the verdict of the jury. This requires careful consideration of the evidence.

There is evidence to the effect that Robert V. Phillips, prior to his disappearance, was a man of exemplary habits and character; that his domestic relations were of the best, that he was a kind and considerate husband and father, devoted to his wife and child, a boy about 11 years of age when his father disappeared. He was in somewhat straitened financial circumstances; when he decided to go to New Mexico to obtain employment he was without money to defray the expenses of the trip. His wife, plaintiff herein, assisted him in borrowing $20 for that purpose. To that end she pledged her diamond ring, and a friend signed the note with her. Later she paid the note. When he left his wife she allowed him to take an automobile which belonged to her, which she had recently paid for on the installment plan. After he arrived in New

Mexico, he wrote his wife and son several letters, three of which were preserved, and were introduced in evidence as bearing upon the question of domestic relations, and how he felt toward his wife and son. We quote the one dated May 27, 1930, in full, as it appears in the record:

"Hoobs Nu Mex

"Dear Allie & Harry

"Will ans your sweet letter shure was glad to here from you and my sweet boy shure do want to see you all I shure dont like out here at all it shure is a tuff place I think it will be good here in about 30 days if I can tuff it out that long. I am not working today I am Batching it cost to much to eate up town I shure do nead a bath it is to dirty out here for you and boy I will send you some money by thirth it is going to be awefull good in 30 days or go to the bad the ar lot of stling going on here now I never seen so meany broke people in my life Will close ans soon lots of love to you and baby

"R.V.P.

"over

"tell Harry I will send him something soon as I get paid."

We also quote a part of one dated July 27, 1930:

"I wish I could see you all. Allie do you want to see me and dos my sweet Boy talk of me any Allie you don't know how it hurts to be a way from you all you tell Harry to write to his Old dad in your neaxt letter. * * *"

The other letter in the record dated July 14, 1930, is of similar tone. Therein he stated that he had but $15. Of this he sent his wife and child $10, although at that time he had had his arm broken and could not work. He inquired about his insurance policy, and of one in the W.O.W., and asked for the last receipts.

His last letter was about August 6, 1930. Thereafter he was never heard of, nor was the automobile ever found. From that date to February 1, 1931, was five days less than six months.

The question is, Was the evidence such as to raise the presumption that R. V. Phillips died within said six months, less five days?

Tisdale v. Connecticut Mut. Life Ins. Co., 26 Iowa, 170, is said to be one of the leading cases on the question. Therein it is said:

"The death of an absent person may be presumed in less than seven years from the date of the last intelligence from him,

from facts and circumstances other than those showing his exposure to danger which probably resulted in his death.

"Evidence of character, habits, domestic relations, and the like, making the abandonment of home and family improbable, and showing a want of all those motives which can be supposed to influence men to such acts, may be sufficient to raise the presumption of death, or from which the death of one absent and unheard from, may be inferred, without regard to the duration of such absence."

Butler v. Supreme Court I. O. F. (Wash.) 101 P. 481, is a case strictly in point, including the question of divorce. It was there held:

"The presumption of a person's death having arisen from his absence for over seven years, the time of his death is a question for the jury."

And:

"That the beneficiary of a beneficiary certificate, after discontinuing payment of premiums thereon, applied for and procured a divorce from the insured, does not estop her from asserting, as against the order granting the certificate, that insured died before that time."

The opinion quoted with approval Greenleaf on Evidence, sec. 40, as follows:

"It is not necessary that the party be proved to be absent from the United States. It is sufficient if it appears that he has been absent for seven years from the particular state of his residence without having been heard from. The presumption in such case is that the person is dead. But not that he died at the end of the seven years nor at any other particular time. The time of the death is to be inferred by the jury from the circumstances."

And from 2 Wharton's Evidence, sec. 1277, is quoted the following:

"* * * Ignorance as to such person after due inquiry of all persons likely to know of him if he were alive, cessation of writing of letters, and of communications with relatives, in which case the inference rises or falls with the domestic attachments of the party. Thus death may be inferred by a jury from the mere fact that a party, who is domestic, attentive to his duties, and with a home to which he is attached, suddenly, finally, and without explanation disappears."

We have no hesitancy in saying that the evidence in the record brings this case clearly within the rule stated by Mr. Wharton.

K. C. Life Ins. Co. v. Marshall, 84 Colo. 71, 268 P. 529, 61 A. L. R. 1321, is another

case in point, and in many respects similar to the one here under consideration. Therein it is held:

"Any facts or circumstances relating to the character, habits, condition, affections, and attachments which usually control the conduct of men, and are the motives of their actions, are competent evidence from which may be inferred the death of one absent and unheard from, whatever has been the duration of such absence."

Schell v. Mt. L. Ins. Co. (Mo. App.) 3 S. W.2d 269, is also a case very similar in many respects, particularly with reference to family ties. It was there held that the evidence was sufficient to afford an inference of the death of the insured at or near the time of his disappearance.

In commenting on the law applicable to the facts the court said:

"Is it probable under these facts that the insured voluntarily abandoned his home and family? It is difficult to believe that he suddenly developed into such a monstrous creature. Voluntary abandonment is utterly out of keeping with his nature and character as shown by his previous conduct and habits."

To the same effect is Sovereign Camp W.O.W. v. Davis (Tex. Civ. App.) 268 S. W. 523.

Clearly there was evidence sufficient to bring this case within the rule, which we approve, that where one disappears and remains unheard of for a period of seven years, and there is evidence, not contradicted, of special circumstances to the effect that such person was industrious, of good habits and character, strongly attached and attentive to his wife and children, so as to make the abandonment of home and family improbable and showing a want of all those motives which are supposed to influence men to such acts, death may be inferred to have occurred at or about the time of his disappearance.

We may here note that the plaintiff, a little more than a year after her husband's disappearance, filed for and procured a divorce from her husband. But the evidence with reference thereto, and her reasons therefor, is substantially the same as was shown in Butler v. Supreme Court I. O. F., supra. We concur in the rule there stated.

We find no substantial error in the record, and the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, HURST, and DAVISON, JJ., concur. CORN, J., dissents. OSBORN and DANNER, JJ., absent.