## McCARTY et al. v. LUMRY et al.

No. 23065.   Nov. 20, 1934.

Rehearing Denied Dec. 27, 1934.

Charles R. Alexander, for plaintiffs in error.

C. D. Roseman, for defendants in error.

PER CURIAM. The parties will be referred to as in the trial court. This is an appeal from a judgment in action brought by plaintiffs in error to recover $1,550 from the defendants in error, alleged to have been paid to defendants in error by plaintiffs in error by mistake. Trial was had before a jury. Verdict for defendants. Plaintiffs moved for judgment notwithstanding, which being denied, error is duly prosecuted.

Plaintiffs and defendants, brothers and sisters, found themselves equal owners of one-half section of land, held in trust by defendants and called the Alfred McCarty farm, and of four-fifths interest in another half section of land held by all by inheritance, called the Nathaniel McCarty farm.

On May 11, 1921, the plaintiffs on one part and defendants on other part herein decided to divide the property, and executed an agreement, drafted by the attorney for defendants, in which plaintiffs herein were recited as "first party" and defendants as "second party."

The agreement is a long recital, in great detail, of the family history, relation, controversies, and interests in the lands and intention to divide the same evenly between the two "parties."

We quote the parts necessary to consider here, and upon which the decision turns.

The contract recites the decision of the parties to "settle all differences":

"Desire to enter into an agreement, by which the parties of the first part shall receive and take one-half (½) section of said land, and the parties of the second part the other one-half (½) section of said land."

It then recites that for purpose of such dividing, the Alfred McCarty farm of 320 acres was appraised by agreement at $7,000; and the Nathaniel McCarty farm of 320 acres, in which the four all had only a four-fifths interest, was appraised at $2,900, "leaving a difference in value between the said two tracts of land of $3,100, to be equalized between the parties hereto."

The contract then recites;

"For the purpose of such division it is hereby agreed that parties of the first part shall take and receive the one-half (½) section of land hereinbefore described formerly belonging to the said Alfred W. McCarty, deceased, and that party of the second part shall convey all of their right, title and interest therein to parties of the first part; and that parties of the second part shall take and receive the half section of land owned by the said Nathaniel McCarty at the time of his death, subject to the undivided one-fifth (1/5th) interest therein to the children of the deceased half-brother of the said Nathaniel McCarty; and that the parties of the first part shall transfer and convey all of their right, title and interest in said half section of land of the said Nathaniel McCarty to parties of the second part, which will thereby vest in them an undivided four-fifths (4/5ths) interest and share in the title and ownership of said half section of land."

This leaves no room for uncertainty or controversy as to the knowledge of each party as to just what they had, and what was to be done, and what was to be received.

Having thus far agreed, the next paragraph recites:

· "That parties of the first part ·for the purpose of **equalizing the ·values between** said two tracts of land agree to pay to parties of the second part the sum of three thousand one hundred dollars ($3,100), **being the difference** in the agreed value of said two tracts of land, in manner as follows, to wit:"

Thereafter the plaintiffs herein paid to defendants the full difference in agreed value of the two tracts, ($3,100), and, shortly thereafter discovering the mistake, sued to recover half the payment, claiming that by the mistake they had paid to defendants twice as much as was necessary to **equalize** the agreed value of the two tracts.

It is at once apparent that in view of their agreed purpose to divide the property equally, and the agreed values, their agreed "purpose of equalizing the values between said two tracts of land" was not accomplished by their attorney mistakenly writing into the contract as means of accomplishing the agreed purpose that one party should pay the other "the difference in the agreed value of said two tracts of land," and in the payment thereunder of the entire difference. It is apparent that both parties were led into the mistake by the mistake, or miscalculation, of their attorneys upon whom they relied to prepare their agreement, and thereby led them into the mistake.

The mutuality of the mistake is, from the contract, unescapable.

The contract involved goes into such particularity of detail of condition, relation, extent, and purposed effect that one need not, and really cannot go outside its terms to decide the question concerning it.

The defendants, daughters, held the Alfred McCarty farm under trust from the father to divide it equally—between all. They could not without violating their trust do otherwise. In the Nathaniel McCarty farm each had an equal interest conceded, but free of trust. The defendants took that. The ultimate is that equalizing the values was the sole object.

There was no contention that by the contract, or division effected, there was any change of position of defendants to the prejudice of either defendants, so no question of estoppel is raised, or could arise, or be seriously urged.

The expressed and agreed purpose being to divide the property by one side taking one farm and the other side taking the other farm and equalizing the agreed value between them with money, there can be only one of two excuses for and/or mistake for inserting in the contract, or paying under it the expressed difference in the agreed value of the farms, to equalize the difference.

Charge of fraud is carefully refrained; and corectly so, considering the high character of all parties and attorneys involved, the close family blood relation of the parties, and the trust relation of defendants (second parties) to plaintiffs (first parties) under the trust accepted by defendants from the deceased father.

There remains therefore only the ground of mistake to explain the transaction, because the plaintiffs would not have paid the defendants $1,550 too much, unless they were mistaken in the amount necessary to equalize the values taken by each.

Four indisputable facts outstand for this agreement:

(a) The agreement to divide the lands equally.

(b) The agreement of one party to take one tract and the other party to take the other tract.

(c) The difference in the agreed value of the two tracts of lands.

(d) The agreement to equalize the different values of the two tracts by money payment one to the other.

Over these facts the recital in the contract that one party should pay to the other party the entire difference in value to equalize the value was a recital of a mathematical mistake and not a fact, and could not be a fact, and cannot overcome the agreed facts upon which it purported to be founded. Its statement was a mistaken conclusion in arithmetic, mistakenly accepted.

In Kansas City Life Ins. Co. v. Bancroft, 169 Okla. 139, 36 P. (2d) 288, it is held:

"A stipulation of counsel in the record based upon a plain and patent mistake of fact, as shown by the record itself, will not control over the undisputed facts as disclosed by the record, especially where the stipulation states a conclusion erroneously arrived at from the facts themselves."

This seems to fit this case.

And the defendants, being trustees for plaintiffs and defendants in one farm and having agreed to an equal division and equalization by money, could not accept an excess amount of money for the cestuis que trustent except by mistake. Just how the attorney scrivener was led into the mistake,

is not clear unless by a queer quirk of the mind in simple arithmetic.

We have examined the record with care, and we find that there is no evidence to change or vary the contract, or to overcome the written contract between the parties to sustain the verdict; and in law we think no question of fact was, or could be submitted to the jury. The contract face disclosed the facts, values, intentions, and purpose, and the mistaken amount, and it was not disputed. It was, and is, conclusive evidence of its contents and purpose, and the error, and the evidence shows the mistaken payment.

There can be no method of equalizing two uneven things which preserves the original conceded inequality between them and merely switches the advantage from one side to the other. Only a mistake can account for such.

We find and conclude therefore that plaintiffs should recover from defendants, as prayed, the sum of $1,550, and interest at 6 per cent. from date of payment, October 22, 1922.

The motion for judgment notwithstanding the verdict should have been, and is now, sustained.

It is ordered that the judgment below be reversed and vacated and a judgment rendered and entered for plaintiffs, William T. McCarty and Charles F. McCarty, for recovery from defendants, Sarah A. Lumry and Julia M. Moore, of $1,550, and interest at 6 per cent. thereon from October 22, 1922, and costs of action and appellate costs.

Plaintiffs allege a lien, and pray adjudgment thereof on the Nathaniel McCarty land, but they do not brief the claim, and defendants do not, and we hold the point and claim to be waived thereby.

The Supreme Court acknowledges the aid of Attorneys E. E. Blake, Earl Foster, and Crawford D. Bennett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blake and approved by Mr. Foster and Mr. Bennett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.