## FIDELITY & GUARANTY FIRE CORPORATION v. TINDALE et al.

No. 25769. June 30, 1936.

Rehearing Denied Sept. 22, 1936.

Application for Leave to File Second Petition for Rehearing Denied Oct. 20, 1936.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Embry & Embry, for defendants in error.

CORN, J. This action was originally brought in the district court of Lincoln county by T. N. Magruder and John G. Tindale against the Fidelity & Guaranty Fire Corporation to recover upon an insurance contract for a loss by reason of the destruction by fire of a pipe organ in plaintiffs' theatre at Stroud, Okla. The cause, tried to a jury, resulted in a verdict for plaintiffs in the sum of $1,000, and the trial court rendered judgment according to the verdict, from which judgment the defendant insurance company appealed. For convenience the parties will be referred to herein as plaintiffs and defendant, as they appeared in the court below. The plaintiff T. N. Magruder died during the pendency of the action in the court below and John G. Tindale, the administrator of his estate, was substituted by revivor as a party plaintiff in the action.

The controversy appears to have arisen over the attempt of the defendant to limit its liability to $300 by claiming the loss occurred under item 2 of the policy instead of item 1, as contended by plaintiffs. There seems to be no controversy as to the instrument being a total loss, and the only question of fact for the jury to determine was the value of the instrument at the time of its destruction.

The two paragraphs of the policy in question, setting out the amount of the insurance and a general description of the property insured, are as follows:

"1. $4,300 on the two-story composition roof, brick building, including foundations, plumbing, and stationary heating, hoisting, lighting and ventilating apparatus and fixtures therein; standpipes, outside stairs and ladders; canopies, plate and stained glass; mirrors, wall and ceiling frescoing and decorations; boilers, engines, and electrical apparatus with all their connections and appurtenances; fixed seatings **and all permanent fixtures, including pipe organ with operating motor,** belonging and constituting a permanent part of said building; occupied in whole or in part as a theatre, situated in lot nineteen (19) in block thirty-one (31) (City Town) of Stroud, state of Oklahoma.

"2. $300 on furniture and fixtures (excluding moving picture machines and attachments), useful and ornamental, including wings, flats, flies, screens, set pieces, canvas, upholstery, drop curtains, mirrors, pictures, paintings, engravings, including their frames, statuary and sculpture, all not exceeding cost; pianos and other musical instruments **(excluding organ with operating motor)**; carpenters' and mechanics' work; hose, fire extinguishers and fire apparatus; implements and tools; signs and awnings (signs and awnings covered under fire policies only); dressing room furniture and fixtures; phonographs, graphophones, records, printed books, music and music rolls; floor coverings and all other furniture and fixtures; all not belonging to and constituting a permanent part of the building and only while contained in, or attached to, the above described building."

The defendant insurance company's defense as set out in its answer is as follows:

"Defendant further alleges and states that the policy of insurance herein sued upon covered in the sum of $4,300 a certain two-story composition roof brick building, together with all permanent fixtures contained therein, including pipe organ with operating motor, belonging to and constituting a permanent part of said building, and occupied in whole or in part as a theatre situated in lot 19 in block 31 of the city of Stroud, Okla., and in the sum of $300 certain furniture and fixtures, including pianos and other instruments (excluding organ with

operating motor); phonographs, graphophones, records, printed books, music and music rolls, etc., all not belonging to and constituting a permanent part of the building, and only while contained in or attached thereto.

"Defendant alleges and states that the Reproduco Player Pipe Organ and Bench, with operating motor referred to in plaintiff's petition herein, did not belong to or constitute a permanent fixture or a permanent part of said building, but that the same was at the time of the issuance of said policy and at the time of the alleged loss referred to in plaintiff's petition detached from said building and in no sense constituted a permanent part thereof, and if the said pipe organ referred to in plaintiff's petition is covered in any manner whatsoever by the policy herein sued upon, the same is covered only under item No. 2 thereof in the sum of $300 covering furniture and fixtures not belonging to and constituting a permanent part of said building."

Plaintiffs' reply denies the allegations in said answer which seek to exclude the pipe organ and bench with operating motor from the terms and conditions contained in provision 1 of the insurance policy.

Evidence was heard as to the value of the property destroyed, and also as to the nature or character of the property with reference to being a permanent fixture and constituting a permanent part of the building, or otherwise.

In view of the clear and unambiguous language of the contract, which is susceptible of only one construction, and that is, that the parties intended to include the pipe organ in the coverage provision of item No. 1 of the contract, the construction of such contract is a matter of law for the court. The specific inclusion of the pipe organ in item 1 and the specific exclusion of the same from item 2 entirely eliminates from consideration any issue of fact as to its proper legal classification as a fixture, permanent or otherwise, and there is presented no issue of fact for the jury.

In the case of McCarty v. Lumry, 170 Okla. 156, 38 P. (2d) 937, this court held:

"Where the litigation arises on, and must be decided by, the terms and language of a written unambiguous contract, no issue of fact for a jury is presented."

There can be no merit, then, in the contention of the defendant that the trial court erred in not instructing the jury as to what constitutes a permanent fixture, or for overruling defendant's motion for a directed verdict for the plaintiff in the sum of $300.

The only issue in this case was the amount of damage done to the pipe organ by the fire; and since it was shown by the evidence that it was a total loss, the damage would necessarily be the value of the property at the time of its destruction. The trial court submitted the case to the jury in only one instruction as follows:

"This is a suit against the Fidelity & Guaranty Fire Corporation, an insurance corporation, on a policy of insurance issued on a theatre building and its contents at Stroud, Okla. The defendant company admits the execution of the policy and the loss on the policy and they haven't paid it.

"The only issue submitted to this jury is the damage done to this organ.

"You are instructed to return a verdict for the plaintiffs for the amount of the fire damage you find has been done to the organ, your verdict not exceeding the amount of $1,500, the amount sued for."

This instruction, brief as it is, amply covers everything in the case.

As to the value of the property destroyed, one of plaintiffs' witnesses, who was an employee of the theatre when the pipe organ was installed, testified that the original purchase price of the instrument was $2,100, and that it had been well cared for and was in good condition at the time of the loss. Mr. Tindale, one of the owners who purchased the theatre after the instrument was installed, testified that it was reasonably worth $1,600 to $1,700 at the time of the loss. The defendant offered no evidence as to its value nor as to the amount of damages done to it by the fire, but relied solely upon its defense that the loss was covered by item 2 of the policy and was therefore limited to the sum of $300.

In a law action, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its rulings upon law questions presented during the trial, the verdict and findings of the jury are conclusive upon appeal.

The judgment of the trial court is affirmed.

OSBORN, V. C. J.; and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.